In the Matter of HARRY DAVIS NEUWIRTH, an Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.

Second Department, July 14, 1972.

366

*Solomon A. Klein* (*Frank A. Finnerty, Jr.*, of counsel), petitioner in person.

*Irving Anolik* for respondent.

*Per Curiam.* The respondent was admitted to the Bar on June 20, 1956, at a term of the Appellate Division of the Supreme Court in the Second Judicial Department. Mr. Justice GITTLESON of the Supreme Court, to whom the issues herein were referred, has submitted his report to this court in which the respondent was found guilty, in whole or in part, of 11 of the 13 acts of professional misconduct charged in subparagraphs A through M of paragraph " SIXTH " of the petition, as amended.

The petitioner now moves to (1) confirm the findings which sustained in full two of the charges (A and L) ; (2) confirm the

findings with respect to seven charges (B through H) and disaffirm only to the extent that it was held that no forgery was proven; (3) confirm the findings with respect to two charges (K and M) and disaffirm only the conclusion that there was no evidence that the respondent had "encouraged" certain witnesses to testify falsely; and (4) disaffirm the findings which held that two of the charges (I and J) were not sustained by the evidence. The respondent cross-moves to confirm the findings with respect to charges I and J, to confirm the finding that no forgery was proven and to disaffirm the report in all other respects.

This disciplinary proceeding arose as the result of the respondent's conviction, upon his plea of guilty, of the misdemeanor crime of filing a false real property transfer tax return in violation of the Administrative Code of the City of New York. The guilty plea was accepted in satisfaction of a 12-count indictment, which included nine felony charges. The petitioner was directed to institute the instant disciplinary proceeding, based upon the acts of professional misconduct as. alleged and disclosed in the indictment and judgment of conviction, as well as any other acts of professional misconduct which might be disclosed.

The first four charges (A through D) alleged, in substance, that in 1961, with intent to defraud, the respondent knowingly procured the execution of deeds purporting to convey three separate premises to one "Morris Zuckerbransky, with knowledge that the said person and residence recited therein were fictitious"; in furtherance of the scheme to defraud, the respondent, while acting in his capacity as a notary public, falsely certified that Morris Zuckerbransky had sworn and subscribed to the truth of statements in three separate real property transfer tax returns; and, thereafter, he caused the three deeds to be filed with the City Register and also caused the said tax returns, which he knew to be forged, to be filed and recorded at the Department of Finance.

It seems clear from the record, as found by the reporting Justice, that the respondent's "activity was calculated to serve a dual purpose: (1) to deceive or mislead, and certainly to persuade, a lending institution to advance substantial sums of money to both the respondent and his wife for the purpose of installing sanitary improvements in a newly-acquired parcel of property, and (2) to impede, delay and, if possible, defeat the collection of a disability lien in the sum of $500 owed to a janitor who rendered services in one of the buildings jointly owned

by the respondent and his wife.'' To the extent that the respondent was found guilty of each of these four charges, the findings are confirmed.

The Justice further found that no forgery was proven since '' nowhere does it appear that * * * [Zuckerbransky] was a person in being. In fact, the name was a fictitious one.'' This finding is disaffirmed. Even under common law an individual, affixing the pretended signature of a fictitious person to an instrument, could be guilty of forgery (*People* v. *Rhoner*, 4 Parker Cr. Rep. 166; see, also, former Penal Law, § 883, and cases cited thereunder in McKinney's Cons. Laws of N. Y., Book 39, Part 1).

Charges E, F, G and H alleged that in 1965 the respondent, with intent to deceive, appeared before a notary public and falsely represented himself to be Morris Zuckerbransky and subscribed and forged the name, which he knew to be fictitious, on three separate deeds conveying the parcels of property previously transferred to Zuckerbransky to a corporation (controlled by him and his second wife) and on three separate real property transfer tax returns, and caused these deeds and tax returns, which he knew to be forged, to be recorded and filed in the appropriate municipal offices. Here again, the reporting Justice found each of the charges to have been sustained, with the exception of the forgery allegation. In our opinion, all of the charges, including the forgery allegation, were fully established by the evidence adduced at the hearing.

It is charged in subparagraphs I and J that the respondent made material and false representations to Judges of the Criminal Court of the City of New York in the course of prosecutions for violations of the Multiple Dwelling Law and of the Labor Law pending against Morris Zuckerbransky, the purported owner of the premises involved in the violations. Contrary to the Justice's finding that the petitioner '' failed to sustain these charges by a fair preponderance of the credible evidence,'' it is our opinion that the charges were sustained by the proof. '' It is unprofessional for a lawyer as ' an officer of the law charged * * * with the duty of aiding in the administration of justice ' to engage in practices having a tendency to mislead the court. * * * An attorney is to be held strictly accountable for his statements or conduct which reasonably could have the effect of deceiving or misleading the court in the action to be taken in a matter pending before it. The court is entitled to rely upon the accuracy of any statement of a relevant fact unequivocally made by an attorney in the course of judicial

proceedings. So, a deliberate misrepresentation by an attorney of material facts in open court constitutes serious professional misconduct " (*Matter of Schildhaus,* 23 A D 2d 152, 155–156).

Charges K and M alleged, *inter alia,* that while acting as defense counsel in each of two negligence actions the respondent " permitted and suffered " a witness (one of these two witnesses was his wife) to give false and misleading testimony, with knowledge that certain material facts testified to by the witnesses were false and untrue. Mr. Justice GITTLESON found that the " proof amply supports the conclusion that the respondent while acting as counsel for the defendant was present and stood idly by, while witnesses swore falsely; he knew in advance that each witness was about to give false testimony during the course of such examinations. There is nothing in the record, however, to support the conclusion that he encouraged either witness to testify falsely even though he knew their purpose in advance." We agree with the Justice's finding that these two charges were sustained, but deem unnecessary his further conclusion that there was no evidence that the respondent had " encouraged " the witnesses to testify falsely, since such conduct was not charged.

Finally, we find charge L, which is similar in nature to charges K and M, to have been sustained, as did Mr. Justice GITTLESON.

Accordingly, the petitioner's motion to confirm the report insofar as it sustains the charges and otherwise to disaffirm the report is granted to the extent indicated herein and the respondent's cross motion is denied.

The respondent is adjudged guilty of serious professional misconduct and is disbarred from the further practice of law and his name is ordered to be removed from the roll of attorneys and counselors at law, effective forthwith.

RABIN, P. J., HOPKINS, MUNDER, LATHAM and SHAPIRO, JJ., concur.