■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN D. JOHNSON, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Richmond County (Di Vernieri, J.), rendered April 20, 1980, convicting him of grand larceny in the second degree and forgery in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the conviction of forgery in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, judgment affirmed. Defendant was arrested on June 7, 1979 on a parole violation warrant by his parole officer while defendant was in an automobile that had been rented approximately six months earlier and had not been returned to the rental agency. A warrantless search of defendant's residence by his parole officer, a police officer and several other parole officers uncovered a lease agreement for the automobile in the name of "Craig Pummill" and a driver's license in the same name. Following his arrest, defendant was identified by the car leasing agent as the man who said he was "Craig Pummill". Defendant was indicted and convicted, upon a jury trial, of grand larceny in the second degree and forgery in the second degree. We reverse the conviction for forgery and dismiss that count of the indictment on the ground that the proof was legally insufficient to establish the forgery (see CPL 470.20, subd 2). As here relevant, "[a] person is guilty of forgery in the second degree when, with intent to defraud, deceive or injure another, he falsely makes, completes or alters a written instrument which is * * * [a] contract" (Penal Law, § 170.10). "Falsely makes" is in turn defined as follows (Penal Law, § 170.00, subd 4): "A person 'falsely makes' a written instrument when he makes or draws a complete written instrument in its entirety, or an incomplete written instrument, which purports to be an authentic creation or its ostensible maker or drawer, but which is not such *either because the ostensible maker or drawer is fictitious or because, if real, he did not authorize the making or drawing thereof."* (Emphasis supplied.) As defendant correctly argues, since there was no evidence that "Craig Pummill" existed other than as defendant, there could be no showing that defendant's use of the name "Pummill" was unauthorized. Hence, the People had to prove that the "ostensible maker or drawer" of the rental agreement was "fictitious". A "fictitious" maker or drawer under the intendment of the statute and under well-settled law, however, means more than someone who merely uses an assumed name (see *People v Briggins,* 50 NY2d 302). "Fictitious" signifies a maker or drawer of an instrument who represents that the name he uses is that of someone other than its creator, i.e., a person wholly separate and apart from himself, and that the fiction is intended to "defraud, deceive or injure another" (Penal Law, § 170.10). The People concede that they did not even attempt to prove that "Craig Pummill" was a fictitious person. The People maintain, however, that the use of the name by defendant was calculated to deceive or to defraud, implying thereby that the crime of forgery was made out. There was, however, no deception or

fraud established by the use of the assumed name, and the rental agreement was not, therefore, "falsely made" (see *People v Briggins, supra;* Williams, Forgery and Falsity, 1974 Crim L Rev 71, 75). Accordingly, the proof on the forgery count was legally insufficient, the conviction is reversed and that count of the indictment dismissed. We have examined defendant's other contentions and find them to be without merit. We add only that the warrantless search satisfied the criteria outlined in *People v Huntley* (43 NY2d 175) and that there was a strong independent basis underlying the identification witness' testimony. Mollen, P. J., Bracken and Rubin, JJ., concur.

O'Connor, J., dissents in part and concurs in part, with the following memorandum, with which Boyers, J., concurs. Contrary to the decision of the majority, I conclude that there was sufficient evidence in the record to support the jury's verdict of guilty on the charge of forgery in the second degree. It was established at trial that defendant's true name is Franklin D. Johnson. He was arrested while sitting in a rented automobile outside an apartment building, and the officers found that he had on his person a key to one of the apartments. In that apartment the officers found a Social Security identification card, a photographic identification card issued by the College of Staten Island, and an examination paper from the college, all in his true name. They also found among these papers a motor vehicle operator's license and an automobile lease agreement, both of which were in the name of a Craig Pummill. The lease agreement recited an address for Pummill that differed from that of the searched apartment. Defendant was thereafter identified by the automobile leasing agent as the Craig Pummill who had leased the vehicle. The agent testified that before possession of the vehicle was transferred to defendant, he had defendant complete the lease agreement, sign it, and tender his operator's license in order that the agent could record its number and check the date of birth against defendant's apparent age. When the vehicle was not returned at the end of the one-week term, the agent attempted to contact defendant through the telephone number he had written on the agreement. The agent instead spoke with defendant's girlfriend, who then delivered another two or three weeks' rent, explaining that defendant was away on business and would surrender the vehicle on his return. Several months passed without receipt of further rent or return of the vehicle. In the interim, the agent unsuccessfully attempted to repossess the vehicle at the address listed by defendant on the agreement. The vehicle was not returned until defendant's arrest, six months after he had entered the lease agreement. Without exception being taken by defense counsel, the trial court charged the jury with subdivision 4 of section 170.00 of the Penal Law, which defines the concept of falsely making an instrument insofar as it relates to the crime of forgery: "According to the law, a person falsely makes a written instrument when he makes or draws a complete written instrument in its entirety, or an incomplete written instrument, *which purports to be an authentic creation of its ostensible maker or drawer, but which is not such* either *because the ostensible maker or drawer is fictitious* or because, if he did not authorize the making or drawing thereof." (Emphasis supplied.) Although inelegantly phrased without elaboration, this instruction was accurate insofar as the evidence adduced by the People had been limited to proving that "Craig Pummill" was a fictitious rather than a real person who had not authorized the making of the lease agreement. On appeal the People claim that they did not, and were not required to, prove that "Craig Pummill" was a fictitious person. They argue that the "false making" element of the crime of forgery was met merely by their circumstantial proof of defendant's *intent to defraud* the leasing agent by using the assumed name of "Craig Pummill". This is error. To convict defendant of forgery, the jury must have evidence not only of a particular goal — i.e., to defraud the victim — but of a

particular means — i.e., to misrepresent the *authorship* of the instrument used in achieving that goal. That the maker of an instrument has lied about its contents other than authorship (e.g., his address) with intent to defraud is irrelevant under the Penal Law definition of forgery (see *People v Levitan,* 49 NY2d 87; *People v Cannarozzo,* 62 AD2d 503, affd for reasons stated in opn at App Div 48 NY2d 687; *People v Sangiovanni,* 52 AD2d 930). What is dispositive is the falsification of authorship, i.e., whether the instrument was in fact authorized by the *ostensible* maker. Thus, in the familiar check forgery example, the malefactor presents the victim with a check ostensibly drawn by some other person that had actually been drawn by the malefactor himself under an assumed name (see, e.g., *International Union Bank v National Sur. Co.,* 245 NY 368). The problem posed by the fact pattern in the case at bar differs from the typical forgery situation in that the ostensible author here ("Craig Pummill") also presented the instrument to the victim. The actual author (defendant) thus *impersonated* the ostensible author ("Craig Pummill") in making the lease agreement in the presence of the victim. By its very nature, of course, an impersonation can never meet the requirement, advanced by the defendant and accepted by the majority of this court, that the ostensible author must be a person *"wholly* separate and apart" from the actual author. (Emphasis supplied.) Thus the issue is whether the authorship of the lease agreement was that of a person other than defendant (i.e., "Craig Pummill") or that of defendant himself. If, as defendant argues, the authorship should be deemed that of himself alone, then there can be no forgery because the authorship of the instrument was genuine. If, on the other hand, the authorship is deemed that of "Craig Pummill", the person impersonated by defendant, then there is forgery because the authorship was false. It is true that some jurisdictions employ a definition of forgery so narrow that a forgery conviction will not be sustained if the malefactor signs the name of a fictitious person to the instrument in the presence of the victim. Their rationale is that the signature was of no one other than the person actually signing it, whether or not an assumed name was used with fraudulent intent (see Forgery: use of fictitious or assumed name, Ann., 49 ALR2d 852, 854, 861). This State, however, takes a broader view. New York courts have sustained forgery convictions based on impersonations of actual persons (see, e.g., *People v Peacock,* 6 Cow 72; *Brown v People,* 8 Hun 562, affd *sub nom. People v Brown,* 72 NY 571) as well as fictitious persons (see, e.g., *People v Tagliamonte,* 78 AD2d 565; *Matter of Neuwirth,* 39 AD2d 365, 368). In order to sustain such convictions, the courts have distinguished forgery from mere fraud involving the use of an instrument by requiring that the victim have intended to extend credit in reliance upon the maker's *signature,* i.e., upon the existence of the ostensible rather than actual author (see *Queen v Martin,* 5 QBD 34, cited in *International Union Bank v National Sur. Co.,* 245 NY 368, 374, *supra,* and discussed in 49 ALR2d 852, 866; compare *Phelps v McQuade,* 220 NY 232 [thief's title] and *Mercantile Nat. Bank v Silverman,* 148 App Div 1, affd on opn at App Div 210 NY 567 [false pretenses], with *Strang v Westchester County Nat. Bank,* 235 NY 68 [fictitious payee under Negotiable Instruments Law] and *Fidelity & Deposit Co. v Manufacturers Hanover Trust Co.,* 63 Misc 2d 960 [section 3-405 of the Uniform Commercial Code]). In the case under review the evidence introduced by the People would sustain the jury's forgery conviction of defendant upon the implicit finding that he had impersonated the fictitious person of "Craig Pummill". In view of the evidence showing that defendant had misrepresented his residential address, the jury was entitled to find an intent on his part to defraud the leasing agent at the time the lease agreement was executed. In view of the agent's reliance upon defendant's identity as "Craig Pummill" in recording the number of his operator's license and checking the

birth date, the jury was also entitled to conclude that the agent was extending credit not to the person of defendant as he stood before him, but rather to "Craig Pummill", the holder of an apparently valid operator's license. Inasmuch as defendant's misrepresentation thus effectively created a person known to the victim as "Craig Pummill" for the purpose of advancing his fraudulent scheme of obtaining a motor vehicle, the jury was entitled to find that the lease agreement purporting to be the authentic creation of an ostensible author named Craig Pummill was in fact that of a fictitious person and was therefore falsely made by defendant. Accordingly, I conclude that the evidence sustained the jury's conviction of defendant on the forgery count, and I vote to affirm the judgment.