■ The People of the State of New York, Respondent, v John D. Rivers, Appellant. — Appeal from a judgment of the County Court of Tompkins County (Monserrate, J.), rendered December 2, 1983, upon a verdict convicting defendant of the crimes of forgery in the second degree and unauthorized use of a motor vehicle in the second degree.

The trial evidence revealed that on May 20, 1980, at about 3:10 P.M., Mike Donnelly, the rental manager of Zikakis Chevrolet in the City of Ithaca, leased a brown Chevrolet Citation to a couple whose names were given as Dorothy Van Putten and Trevor Gittens. A short time after taking possession of the vehicle, the couple returned it because of a shifting problem. After a brief discussion with the rental manager regarding this problem, the couple drove off. An acquaintance of defendant named David Cunningham placed defendant a block from the Chevrolet dealership driving a car similar to the one leased, just after the above-mentioned leasing transaction occurred. Cunningham then rode with defendant and Vicia Watkins to Brooklyn, where they abandoned the vehicle. Dorothy Van Putten testified at trial to being the owner of a credit card that had been stolen and also testified that her grandniece, Vicia Watkins, had access to her purse before the theft.

This testimony led the jury to the conclusion that defendant, using the name "Trevor Gittens", and Vicia Watkins, equipped with a credit card stolen from Van Putten, leased a Chevrolet Citation from Zikakis Agency and drove it to Brooklyn, where they abandoned it. The evidentiary support for the verdict is sufficient to withstand defendant's claim that the evidence against him was purely circumstantial and legally insufficient (see People v Wachowicz, 22 NY2d 369). The identification of defendant by Cunningham was also permissible since Cunningham had known defendant before the commission of the crime.

We have examined defendant's other arguments, especially the alleged violation of the Brady rule (Brady v Maryland, 373 US 83) in the failure of the prosecution to give him prior photographic lineups, and find the arguments untenable. No exculpatory evidence of misidentification existed before trial.

Finally, we find no merit to defendant's contention that the indeterminate sentence of two to four years imposed on his conviction of forgery in the second degree was unduly harsh or excessive.* The judgment of conviction should be affirmed.

---

* Although defendant was charged with two separate counts of forgery in the second degree, the jury acquitted defendant of the first count. The sentence was imposed on the first count of the indictment rather than on the second count of which defendant was convicted. We view this as a technical defect only, inasmuch as both counts charged defendant with forgery in the second degree.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.