(June 13, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN D. RIVERS, Appellant. — Per Curiam. Motion for reargument of a decision of this court, dated January 31, 1985, which affirmed a judgment of the County Court of Tompkins County (Monserrate, J.), rendered December 2, 1983.

On appeal to this court, the judgment rendered upon a verdict convicting defendant of the crimes of forgery in the second degree and unauthorized use of a motor vehicle in the second degree was affirmed (*People v Rivers,* 107 AD2d 977). Defendant now moves for reargument of our prior decision. With respect to his conviction of forgery in the second degree, defendant urges that his guilt was predicated on his signing an automobile rental agreement under the assumed name of "Trevor Gittens" and that, without more, this showing is legally insufficient to support his conviction of forgery in the second degree. Although defendant never raised this issue in his original appeal brief or at oral argument on December 11, 1984, he did challenge his conviction of forgery on the authority of *People v Johnson* (96 AD2d 1083, *affd* 63 NY2d 888) in a letter to this court received

on January 18, 1985. *Johnson* resulted in the reversal of a conviction of forgery in the second degree on facts nearly identical to those underlying defendant's conviction. The reversal in *Johnson* was based on the failure of the prosecution to show either that the ostensible maker of the automobile lease agreement was real and that he did not authorize the making or that the actual maker represented that the assumed name belong to someone apart from him and that the fiction was intended to defraud. As in *Johnson,* the prosecution here made no attempt to prove that "Trevor Gittens" was real and did not authorize the use of his signature; nor did the prosecution attempt to prove that defendant represented "Trevor Gittens" to be anyone other than defendant himself.

In these circumstances, we consider defendant's delay in raising the issue to be excusable and note that defendant preserved this issue for appeal by moving for dismissal at the close of the People's evidence based upon the failure of the prosecutor to have proved a prima facie case.

We agree with defendant's contention that *People v Johnson* (*supra*) mandates reversal of his conviction of forgery in the second degree. In the interest of justice, therefore, defendant's motion for reargument is granted (CPL 470.50 [1]). Our prior decision insofar as it affirms the judgment convicting defendant of forgery in the second degree is rescinded and defendant's conviction of forgery in the second degree is reversed and that charge dismissed.

Motion for reargument granted; decision dated January 31, 1985 rescinded to the extent that defendant's conviction of the crime of forgery in the second degree was affirmed; and, on reargument, judgment modified, on the law, by reversing the conviction of forgery in the second degree and dismissing that count of the indictment, and, as so modified, affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr. and Harvey, JJ., concur.