OPINION OF THE COURT
Thomas J. Lowery, Jr., J.
The State seeks an order dismissing the claim on the grounds that it fails to state a cause of action (CPLR 3211 [a] [7]) and that sufficient facts have not been pleaded to permit the court to find that there exists a likelihood of success in the event the claim is progressed to trial. (Court of Claims Act § 8-b [4].)
The claim is filed pursuant to the Unjust Conviction and Imprisonment Act of 1984 (L 1984, ch 1009). The latter amended Court of Claims Act § 9 (3-a) to create a cause of action for unjust conviction and imprisonment under new section 8-b of the act. The new section provides that any person convicted and subsequently imprisoned for a felony or misdemeanor which he did not commit may present a claim for damages against the State. In order to present a claim, a claimant must establish by documentary evidence that:
(a) hé has been convicted of a felony or misdemeanor, sentenced to imprisonment, and has served all or part of the sentence; and
*545 (b) he has been pardoned upon the grounds of innocence, or the judgment of conviction was reversed or vacated, and the accusatory instrument dismissed or, if a new trial was ordered either he was found not guilty at the new trial or that he was not retried and the accusatory instrument dismissed; provided that the judgment of conviction was reversed or vacated, and the accusatory instrument was dismissed, on any of the following grounds: (A) CPL 440.10 (1) (a), (b), (c), (e) or (g); or (B) subdivisions (1) (where based upon grounds set forth in item [A] hereof), (2), (3) (where the count dismissed was the sole basis for the imprisonment complained of) or (5) of CPL 470.20 or (C) comparable provisions of the former Code of Criminal Procedure or subsequent law; or (D) the statute, or application thereof, on which the accusatory instrument was based violated the US or NY Constitution, and
(c) his claim is not time barred by the time limitation provisions of the act.
The claim must also state facts in sufficient detail to permit the court to find that the claimant is likely to succeed at trial in proving (1) that he did not commit any of the acts charged in the accusatory instrument or that the charged act or omissions did not constitute a felony or misdemeanor, and (2) that he did not cause or bring about his conviction by his own conduct.[1] If the court finds after reading the complaint that the claimant is not likely to succeed at trial in demonstrating these facts, it must dismiss the claim.
Finally, in order to obtain a judgment in his favor, a claimant must prove by clear and convincing evidence that:
(a) he has been convicted of a felony or misdemeanor, sentenced to imprisonment, and has served all or part of the sentence; and
(b) he has been pardoned on the ground of innocence; or the judgment of conviction was reversed or vacated and the accusatory instrument dismissed or, if a new trial was ordered, either he was found not guilty at the new trial or he was not retried and the accusatory instrument dismissed; provided that the judgment of conviction was reversed or vacated and the accusatory instrument dismissed on the grounds specified in paragraph (b) supra; and
*546 (c) he did not commit any of the acts charged in the accusatory instrument or the charged acts or omissions did not constitute a felony or misdemeanor; and
(d) he did not bring about his conviction by his own conduct.
From the foregoing, it is apparent that the Legislature intended that there be "something more” presented than a mere assertion of innocence before a claim may be entertained. The "something more” is the detailed requirements for the filing of a claim that must be met. Such assures that the State is not overwhelmed with enormous monetary liability and the court is not inundated with baseless claims. In sum, the Legislature intended that only the innocent benefit.[2]
The claimant was charged in a multiple-count indictment with two counts of forgery in the second degree (Penal Law § 170.10) and one count of grand larceny in the second degree (Penal Law § 155.35). The charges allegedly stem from a transaction wherein the claimant, using the name "Trevor Gittens”, and an accomplice equipped with a stolen credit card, leased a Chevrolet Citation from an automobile agency and drove it to Brooklyn, where the vehicle was abandoned. The claimant was later convicted on one count of forgery in the second degree and with the unauthorized use of a motor vehicle (Penal Law § 165.05),[3] a class A misdemeanor. Due to a prior felony, he was sentenced to two to four years on the forgery count and received an unconditional discharge on the alternate offense. The judgment of conviction was affirmed (People v Rivers, 107 AD2d 977), but upon reargument modified and the forgery conviction reversed and the forgery count of the indictment dismissed for legal insufficiency. (People v Rivers, 111 AD2d 982.) The modification was predicated on People v Johnson (96 AD2d 1083, affd 63 NY2d 888) and was based on the failure of the prosecution to show either that the ostensible maker (here Trevor Gittens) of the auto lease agreement was real and that he did not authorize the making of the agreement or that the actual maker (here Rivers) *547 represented that the assumed name belonged to someone apart from him and the fiction was intended to defraud. A conviction for forgery in the second degree cannot be sustained without such proof. (See, Penal Law §§ 170.10, 170.00; People v Levitan, 49 NY2d 87.)
The documentary evidence attached to the claim is sufficient to meet the standing prerequisites set forth in the Unjust Conviction and Imprisonment Act of 1984. The claimant was convicted of forgery in the second degree, a felony, sentenced to imprisonment, and has served all or part of the sentence. The judgment of conviction was modified and his conviction for forgery was reversed and the latter count dismissed for legal insufficiency. (CPL 470.20 [3].) Since he received an unconditional discharge on the alternate offense, the sole basis for the imprisonment was the forgery conviction. Finally, in view of the fact that two years have not elapsed since the judgment of conviction was modified, the claim is not time barred.
As noted, the mere fact of a judicial reversal will not be a sufficient basis by itself for permitting the claim. In addition, the claimant in his claim must state facts in sufficient detail to permit the court to find that he is likely to succeed at trial in proving that: (1) he did not commit any of the acts charged in the accusatory instrument or his acts or omissions charged in the accusatory instrument did not constitute a felony or misdemeanor against the State and (2) that he did not by his own conduct cause or bring about his conviction. It is noteworthy that the detailed statement relates to the accusatory instrument as a whole and that the claimant is required to make a prima facie showing that there exists a likelihood or a reasonable probability (cf. Tucker v Toia, 54 AD2d 322) that he will be successful in meeting his burden of establishing by clear and convincing evidence that he was unjustly convicted and imprisoned. If he fails, the court must dismiss the claim.
No prima facie showing has been made here. The claim recites only that: "The Claimant’s acts or omissions charged in the underlying accusatory instrument did not constitute [sic] a felony against the State * * * all as more particularly set forth in the aforesaid decision and order of the Appellate Division.” A reversal of the conviction and dismissal of the accusatory instrument for legal insufficiency does not mean that the accusatory instrument was defective. All that it means is that the acts charged in the accusatory instrument have not been proven. Here, the claimant’s acts and omissions *548 charged in the accusatory instrument do not constitute a felony. (See, Penal Law §§ 155.35, 170.00, 170.10.) Hence, absent some factual assertion that the claimant did not commit any of the acts charged in the accusatory instrument, the claim must fail.
Accordingly, it is ordered that the State’s motion to the extent that it seeks a dismissal of the claim on the ground that it is unlikely that the claimant would succeed if the claim progressed to trial is granted and claim No. 71245 is dismissed.

. Examples of such conduct would include falsely giving an uncoerced confession of guilt, removing evidence, attempting to induce a witness to give false testimony, attempting to suppress testimony or concealing the guilt of another.

. This is evident from the fact that the gubernatorial pardon is limited to the ground of innocence, whereas other grounds exist, e.g., relieve a disability, prevent departure from a permit reentry into the United States, etc. Unlike pardons, it cannot be required that convictions be reversed or vacated on grounds of innocence, since some are reversed or vacated on grounds which have nothing to do with innocence, e.g., denial of speedy trial; introduction of reliable but unlawfully obtained evidence; double jeopardy violations, etc. For this reason, other safeguards are provided.

. Lesser included offense.