OPINION OF THE COURT
Arthur W. Lonschein, J.
This is a motion for omnibus pendente lite relief. In opposition, the defendant husband raises certain procedural issues, arising under Domestic Relations Law § 232 and under the new court rules relating to matrimonial cases. These procedural issues warrant particular discussion.
The defendant husband first claims that the court lacks personal jurisdiction over him, due to an alleged defect in the summons. This action was commenced by the filing of a summons with notice, which was then served upon the defendant husband. There is no objection to the manner of service. Rather, the objection is to the content of the summons with notice.
An action may be validly commenced by the filing of a summons alone, without a complaint, so long as the summons bears "a notice stating the nature of the action and the relief sought” (CPLR 305 [b]). A summons which neither bears this notice nor is accompanied by a complaint is jurisdictionally defective (Parker v Mack, 61 NY2d 114). Pursuant to Domestic Relations Law § 232, a summons with notice in a matrimonial action must bear a notation as to the nature of the action, and must also "specify the nature of any ancillary relief demanded”. A default judgment may not be rendered against the defendant unless the summons with notice complies with this provision, the purpose of which is to give the defendant full knowledge of the relief which is sought against him. *797 Uncontested matrimonial actions are commonplace, and in many the defendant completely fails to appear. A defendant who does not wish to contest the granting of a divorce may well wish to contest the granting of financial or custodial relief. For a court to grant such relief against a defaulting spouse who has not been given notice that it was being sought would be at best unfair and at worst a violation of fundamental due process. In this action, however, the defendant husband has not defaulted, but has appeared by counsel, has been served with a full complaint, and has answered. He has thus been given full notice of all the relief sought by the plaintiff.
An otherwise proper summons with notice which fails to specify the ancillary relief sought is not jurisdictionally defective, and proper service of such a summons with notice confers personal jurisdiction upon the court. The omission is not one within the rule of Parker v Mack (61 NY2d 114, supra). In that case, the Court of Appeals held that the failure to include any notice of the nature of the action and the relief sought rendered the service of a naked summons jurisdiction-ally defective. Here, the summons contained proper notice of the primary relief sought, taking this action outside of the rule of Parker v Mack.
Had the defendant defaulted, the court would have had full jurisdiction over his person, and a judgment of divorce could have been rendered. The effect of Domestic Relations Law § 232 in such a case would have been only to preclude the granting of any ancillary relief (see, e.g., McKoy v McKoy, 120 Misc 2d 83). This defendant did not default. He has appeared and has been served with a full complaint specifying the ancillary relief sought, rendering irrelevant the prohibition against a default judgment on the ancillary relief.
The issue, properly stated, is not whether the court has personal jurisdiction, for clearly it does. Properly stated, the issue is whether the plaintiff, having omitted to give the defendant notice of a claim for ancillary relief in the summons with notice, may cure the omission after the defendant’s appearance, by serving a complaint which makes the claim. The defendant’s position amounts to a statement that the plaintiff is precluded from serving such a complaint, and is barred from asserting claims to ancillary relief.
Indeed, it has been held that as a general proposition a plaintiff who serves a summons with notice may, after the appearance of the defendant, serve a complaint adding matter *798 not specifically within the language of the notice (Everitt v Everitt, 4 NY2d 13; see, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3025:3, at 353). Nothing in Domestic Relations Law § 232 leads to a contrary conclusion. The defendant’s argument on this point is therefore specious.
The defendant next raises a number of objections under the new court rules. The new rules are contained in a thorough revision of 22 NYCRR 202.16, regarding management of contested matrimonial actions; and in a new part, 22 NYCRR part 1400, regulating the relationship between matrimonial attorneys and their clients. The defendant claims that various violations of these rules by the plaintiff’s attorney rule out the plaintiff’s motion, either in whole or in part.
Pursuant to 22 NYCRR 202.16 (e), "any paper submitted to the court by a party represented by counsel, which contains statements or allegations of fact, including the statement of net worth, shall be accompanied by a certification directed to the court, under penalties of perjury by counsel as an officer of the court, that counsel has no knowledge that the substance of the submission is false.”
The papers submitted by plaintiff and her counsel in support of the order to show cause which brought on this motion failed to include such a certification. It is the defendant’s position that the omission, by itself, requires the denial of the motion, despite the fact that the plaintiff’s attorney included a certification as to both the original and reply papers.
An evaluation of the effect of the omission requires an understanding of both the rationale behind the new provision and of the consequences of accepting the defendant’s position.
It should first be understood that 22 NYCRR 202.16 (e) imposes no new ethical responsibilities on lawyers in matrimonial cases. It has never been permissible for an attorney to submit, or participate in submitting, evidence which the attorney has reason to know is substantially false (see, e.g., Matter of Neuwirth, 39 AD2d 365; People v Appel, 120 AD2d 319). The Disciplinary Rules of the Code of Professional Responsibility, promulgated as joint rules of the Appellate Divisions, 22 NYCRR part 1200, impose an ethical standard at least as stringent. Pursuant to 22 NYCRR 1200.33 (a):
"In the representation of a client, a lawyer shall not: * * *
"(2) Knowingly advance a claim or defense that is unwarranted under existing law * * *
*799 "(3) Conceal or knowingly fail to disclose that which the lawyer is required by law to reveal.
"(4) Knowingly use perjured testimony or false evidence.
"(5) Knowingly make a false statement of law or fact.”
Every submission of statements of fact by an attorney, in every case, thus carries with it the attorney’s implicit assurance that the attorney has no knowledge that it is false. This does not mean, of course, that the attorney is required to vouch for the testimony of each witness personally. To the contrary, an attorney is forbidden from doing so (22 NYCRR 1200.37 [c] [4]). Thus, the certification rule simply takes the assurance already implicit in an attorney’s presentation of evidence, and requires the matrimonial attorney to make it explicit. The attorney is required to do no more than certify that he has complied with minimal standards of candor and honesty. The reason for the imposition of the certification requirement clearly is to impress upon the matrimonial bar the necessity for such compliance.
Further, the consequences of rejecting this motion out of hand, due to the absence of the certification at the time of its submission, will be most inequitable to the plaintiff. Pendente lite financial relief in matrimonial cases is retroactive to the date the application is made (Domestic Relations Law § 236 [B] [6] [a]; [7] [a]). If such a motion is rejected on technical grounds, the result is that the needy spouse is denied relief until a new application can be made, and may not begin to receive the support to which she is entitled until the motion is decided. This may be a period of months. When the defect can be cured by the submission of the certification, nunc pro tune, it seems most unfair, and contrary to the spirit of reform inherent in the new matrimonial rules, to visit this hardship upon a litigant.
The purpose of the rule is served equally if the certification is supplied after the submission of the paper in question. There is nothing in the text of the rule to indicate that the court lacks the general power to allow the late submission of the certification in a proper case, pursuant to CPLR 2004. That is not to say, of course, that counsel’s omission in this case should become the norm and the rule should be ignored. Certainly, it would have been preferable to have avoided this problem at the intake stage. The clerk should not have accepted these motion papers without the required certification, and I should not have signed the order to show cause. *800 The rule is clear that the certification should accompany the submission, and not follow it. Moreover, the implication of the rule is also clear that the court should not grant relief in the absence of the certification. Having arrived at this position, however, it does not follow that the initial omission must be viewed as fatal.
Therefore, the court concludes that the initial omission of the plaintiffs attorney’s certification pursuant to 22 NYCRR 202.16 (e) may be excused, the late certification may be accepted nunc pro tune, and the motion considered on its merits.
The parties were married in 1980, and there is no issue of the marriage. In 1986, they executed a "separation agreement” which provides for little more than that the parties may separate, that neither could maintain an action for "the reinstitution of conjugal rights”, and that neither would contract debts in the name of the other. The parties specifically disclaimed any present intention to divide their marital property. Paragraph "second” of the agreement provided: "The parties have heretofore and do herein confirm that they have not divided their personal property nor do they intend to do so at this time. However, nothing herein shall be construed which may interfere with either party obtaining new personal or real property and both understand and undertake that they have full power to dispose of same as fully and effectually for all purposes as if he or she were sole and unmarried, except for joint or marital property which will be the subject of disposition at a later date.” This proviso stops short of a blanket agreement that anything acquired by either party individually subsequent to the agreement would be considered separate property. The reference to "joint or marital property” is difficult to understand, unless the parties contemplated the possibility that they could still acquire marital property. The agreement further provides that "[njothing herein shall be construed as a total, all inclusive agreement but merely a separation agreement to represent their present status and to effectuate the desires of the parties to file said agreement at the request of the parties.” It should be noted that neither party was represented by separate counsel in drafting this agreement. The agreement recites that the parties reached their agreement on their own, and jointly retained a firm of attorneys to act essentially as scriveners in setting down the terms. It states twice that the parties were *801 advised by the attorneys to retain separate counsel, but declined to do so.
The defendant husband acquired a trucking business in 1987. The plaintiff wife worked for this business until the commencement of this action. As part of the order to show cause which commenced this action, the defendant husband was temporarily restrained from firing the plaintiff wife from this position. Since that time, the plaintiff has left the employ of the business. She alleges that she was fired or forced out; he responds that she voluntarily quit, although the reason she should do so is not made clear.
What is clear is that at this point it is not reasonable to expect that the parties will be able to continue in close association in the business. Therefore, so much of the temporary restraining order as directed the husband to retain her in her position is vacated. In lieu of her income from this position, the court awards the plaintiff wife temporary maintenance in the sum of $900 per week. In fixing this amount, the court has taken into account the duration of the marriage, the earning capacities of the parties and the age of the parties. This award is retroactive to the application therefor, pursuant to Domestic Relations Law § 236 (B) (6) (a). The date of the application is the date of the presentation of the order to show cause, March 22, 1994. Arrears, if any, shall be payable immediately upon the service of a copy of the order to be entered hereon with notice of entry.
The plaintiff wife takes the position that the business is marital property subject to equitable distribution, notwithstanding the 1986 agreement. She alleges that they did in fact continue to live together as husband and wife, despite the agreement, and that she made all of the contributions to the development of the business which would entitle her to equitable distribution if there had been no agreement. She claims that the agreement has been vitiated and abandoned by the conduct of the parties. The defendant husband takes the position that the agreement continues in effect, and renders any property thereafter acquired by either party in individual name separate property, beyond the reach of equitable distribution, and hence not subject to disclosure as to its valuation. The agreement is sufficiently nebulous, and the factual allegations of the parties are sufficiently opposed, that the court cannot rule as a matter of law at this point as to the effect of the agreement or whether the business can be a marital asset, *802 much less whether it is in fact a marital asset. These aspects of the action will have to await the trial for resolution.
So much of the plaintiff wife’s motion as seeks the appointment of a receiver for the business is denied. The branch of the temporary restraining order which restrained the defendant husband "from transferring any marital assets, including but not limited to the marital residence located at 146-43 58th Road Flushing, New York 11355 and the family business known as Hide and Skins Express, Inc., located at 307 Kings-land Avenue, Brooklyn, New York except in the ordinary course of business” is continued as a preliminary injunction, pendente lite. This is not to be construed as a finding that either the residence or the business are in fact marital assets within the meaning of the equitable distribution statutes.
' The plaintiff wife has demanded various other items of pendente lite relief. The first of these concerns exclusive use and occupancy of the marital residence. Each party claims that the other has actually vacated the marital residence, and claims to be living there alone. Each claims that the other’s claim is a sham. Neither alleges sufficient cause for the court to exclude the other, and so this branch of the motion is denied.
The plaintiff has demanded an award of counsel fees. The defendant husband is clearly in a position of economic dominance, and his submissions on this motion have made clear his intention to dispute each and every aspect of the action, and to seek to exploit each procedural misstep by the plaintiff wife, whether or not it affects any substantial right. Indeed, as to counsel fees the defendant husband raises further technical objections directed to the papers submitted by the plaintiff wife.
The order to show cause included, as an exhibit, the original retainer agreement between the plaintiff wife and her counsel. This was a simple letter agreement, which did not conform to the requirements of 22 NYCRR 1400.3, regarding written retainer agreements in matrimonial actions. The retainer letter contained no improper terms, but it omitted some of the information required under the rule. The defendant husband argued, without any support in the text of the rule, that it constitutes a Disciplinary Rule, and that the failure to comply with it voided any entitlement the plaintiff wife might have to counsel fees. As part of her reply papers, the plaintiff wife included a revised retainer agreement, which complies *803 with the rule. Nonetheless, the defendant husband continues to attack the agreement as a basis for denying the plaintiff wife’s entitlement to counsel fees. He argues, in surreply, that the new retainer is void, since it provides, in part, that "in the event that we obtain a disposition of your matrimonial matter, either by way of a settlement agreement (termed separation agreement or stipulation of settlement) or by judgment by the court of the issues involved in your case, the aforementioned retainer fee (or the sum of $5,000.00) shall also be the minimum fee charged to you, i.e., there will be no refund of the retainer fee (or the sum of $5,000.00). However, notwithstanding the above, if you discontinue our services prior to a disposition of your matter by agreement or judgement [sic] of the court, or if this firm is relieved as your attorneys by court order, any unearned portion of the retainer fee you advanced to this firm shall be refunded to you.” The defendant husband argues that this provision constitutes a nonrefundable retainer in violation of the Code of Professional Responsibility, citing Matter of Cooperman (83 NY2d 465). The provision constitutes nothing of the sort. As explained by the Court of Appeals in Matter of Cooperman, the purpose of the proscription is to avoid impeding the client’s absolute right to terminate the attorney-client relationship at any time. An arrangement which contemplates the matter reaching a final disposition by agreement or judgment does not infringe on the client’s right to terminate the relationship prior to that disposition. The Court specifically stated that minimum fee arrangements, which did not provide for retention of unearned fees, continue to be valid and do not subject the lawyer to discipline. The relevant court rule also specifically validates this provision of the retainer agreement. 22 NYCRR 1400.4 states: "An attorney shall not enter into an arrangement for, charge or collect a nonrefundable retainer fee from a client. An attorney may enter into a " 'minimum fee’ ” arrangement with a client that provides for the payment of a specific amount below which the fee will not fall based upon the handling of the case to its conclusion.” The defendant husband’s argument as to the retainer agreement between the plaintiff wife and her attorney is therefore baseless, and the plaintiff wife is clearly entitled to an award of counsel fees.
In this action the plaintiff wife’s counsel will be required to address several difficult legal and factual issues arising from *804 the parties’ 1986 agreement and the later acquisition of the trucking business by the husband. The plaintiff wife will have to be prepared to overcome the defendant husband’s argument that the 1986 agreement rules out any claim of equitable distribution of the business. Assuming the plaintiff wife prevails on this point, it still would remain to be proven that such a claim has merit in view of the relationship between the parties at the time. Assuming that the plaintiff wife prevails on this point as well, the valuation of the business must be shown. Even were it to be determined that the business is not subject to equitable distribution, the plaintiff wife must be able to determine how much income it generates, so as to present proof on the issue of permanent maintenance. The defendant husband simply cannot escape from the basic principle that "both parties are now entitled to a searching exploration of each other’s assets and dealings at the time of and during the marriage * * * The entire financial history of the marriage must be open for inspection by both sides” (Roussos v Roussos, 106 Misc 2d 583, 584-585).
This would require substantial amounts of pretrial preparation in any event. When the tactics adopted by the defendant husband to this point are taken into consideration, the need for adequate counsel fees becomes apparent. (See, e.g., Feldman v Feldman, 194 AD2d 207.) Temporary counsel fees are thus fixed in the amount of $7,500, payable within 20 days of the service of a copy of this order with notice of entry.
The plaintiff wife has also demanded appraiser’s fees, so that the trucking business can be properly evaluated. As noted, the questions relating to whether the business is subject to equitable distribution cannot be determined in advance of trial, and so the plaintiff wife must be allowed to make the evaluation regardless of the eventual outcome on this point. Appraiser’s fees are clearly warranted in this case. The plaintiff wife has not presented, on these papers, sufficient documentation of the nature of the work to be performed by the appraiser, the time involved, or the basis for calculating his fee. Rather than deny her application, however, the plaintiff wife will be allowed to present such documentation at the preliminary conference scheduled below, and the amount of the award will be fixed at that time.
*805 The defendant husband is directed to continue in effect such life and health insurance policies for the benefit of the plaintiff wife as may have been in effect prior to the institution of the action.
The parties are directed to appear for a preliminary conference on August 22, 1994.