■ NATIONAL ENTERPRISES CORP., Respondent, v DAVID C. REBACK et al., Appellants. [631 NYS2d 161] —Judgment, Supreme Court, Bronx County (Charles A. Ramos, J.), entered February 25, 1994, after a jury trial, and upon the trial court's grant of plaintiff's motion for judgment notwithstanding the verdict by increasing the damages awarded from $2,000,000 to $4,844,458.25 plus interest and costs, unanimously reversed, on the law, and the matter remanded for a new trial, without costs. Appeal from the order of said court and Justice, dated January 24, 1994, dismissed as subsumed within the appeal from the final judgment.

In this action premised upon allegations of fraud against the individual defendant, an attorney, and his law firm arising from an opinion letter given on behalf of the borrower in connection with the closing of a $4.4 million mortgage to Five Oceans Realty Corp. which was formed and controlled by one Abraham Sobel, also known as Abraham Srulowitz, we reverse and direct a new trial.

While the defendant may have been less than candid, the trial court's jury instructions had the effect of a directed verdict:

"The Court is also in possession of information, as a matter of law, that reveals that David Reback, who is an attorney at law, engaged in professional misconduct.

"Mr. Reback represented Mr. Srulowitz in the mortgage transaction, pursuant to which the Plaintiff advanced a substantial loan of money. The client, Mr. Srulowitz, guaranteed the payment—repayment of the loan.

"During the course of the Defendant's direct examination, he admitted that prior to the transaction in question he knew that the borrower, his client, Mr. Srulowitz, was negotiating and closing the transaction in the name of an alias, Abraham Sobel; and that the Defendant never informed the Plaintiff of his true identity either orally at the closing or in the opinion letter."

To charge, "as a matter of law", that defendant had engaged in professional misconduct prejudges the issue. Moreover, at common law, the use of an assumed name, especially one that is a more anglicized version of the real name is not in and of itself fraud (*see*, Civil Rights Law § 65 [4]; *cf.*, *People v Briggins*, 50 NY2d 302; *People v Johnson*, 96 AD2d 1083). Moreover, it seems that the so-called assumed name was known both to the plaintiff and in the Bronx real estate market.

To then conclude that the "alias" was for a fraudulent purpose and to attribute that fraudulent purpose from client to counsel and to charge the jury that it is "professional misconduct" is clearly compounded error (*cf.*, *J. R. Loftus, Inc. v White*, 85 NY2d 874, 876 [new trial required when principles involved not properly set forth for the jury]). Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.