■ ELIZABETH A. HUNT (MILLER), Respondent, v RICHARD D. HUNT, Appellant. (Appeal No. 1.) [709 NYS2d 744] —Order unanimously reversed on the law with costs, plaintiff's motion denied without prejudice and award of attorney's fees vacated. Memorandum: Supreme Court erred in failing to strike plaintiff's submissions based on the failure of plaintiff's attorney to file the requisite certifications pursuant to 22 NYCRR 202.16 (e) and 130-1.1a. Pursuant to section 202.16 (e), "[e]very paper served on another party or filed or submitted to the court in a matrimonial action shall be signed as provided in section 130-1.1a of this Title" (22 NYCRR 202.16 [e]). Section 130-1.1a (a) requires a party's attorney to sign every pleading, motion or

other paper served on a party or submitted to the court, and section 130-1.1a (b) provides that the attorney thereby "certifies that, to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of the paper or the contentions therein are not frivolous as defined in section 130-1.1 (c) of this Subpart." The rule requiring certification does not impose a new ethical obligation, but is meant to impress upon the matrimonial bar the necessity for compliance with the ethical obligations previously in place (*see, Rosen v Rosen*, 161 Misc 2d 795, 799). "[T]he implication of the rule is also clear, that the court should not grant relief in the absence of the certification" (*Rosen v Rosen, supra*, at 800).

We reject the contention of plaintiff's attorney that he was not put on notice of the failure to comply with the certification rule because the court never called that failure to his attention. The court is not required to call an attorney's attention to such failure and, in any event, plaintiff's attorney was placed on notice thereof by the affirmation of defendant's attorney and defendant's motion seeking, *inter alia*, to strike plaintiff's submissions on that ground.

In seeking attorney's fees, plaintiff's attorney also failed to comply with 22 NYCRR 1400.2 and 1400.3, which apply to attorneys in domestic relations matters. Pursuant to section 1400.2, an attorney must provide a prospective client with a statement of client's rights and responsibilities before the signing of a written retainer agreement. Pursuant to section 1400.3, an attorney must execute a written agreement with the client setting forth the terms of compensation and the nature of the services to be rendered. The retainer agreement must be signed by the attorney and the client and a copy must be filed with the court. Strict compliance with those rules is required (*see, Mueller v Pacicca*, 179 Misc 2d 392, 395; *Philips v Philips*, 178 Misc 2d 159, 161). The "failure to abide by these rules, promulgated to address abuses in the practice of matrimonial law and to protect the public, will result in preclusion from recovering such legal fees" (*Julien v Machson*, 245 AD2d 122; *see, Mueller v Pacicca, supra*, at 394-395). We reject the contention that the rules do not apply because the attorney's representation began before November 30, 1993. The motion brought by plaintiff was a new "claim" within the meaning of 22 NYCRR 1400.1.

We therefore reverse the order in appeal No. 1, deny plaintiff's motion without prejudice and vacate the award of attorney's fees. We modify the order in appeal No. 2 by denying

plaintiff's request for attorney's fees. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Matrimonial.) Present—Pine, J. P., Hayes, Wisner, Scudder and Kehoe, JJ.