■ CATHERINE BISHOP, Respondent, v WILLIAM BISHOP, Defendant, and MICHAEL DINH-COHEN, Nonparty Appellant. [743 NYS2d 724] —In an action for a divorce and ancillary relief, the plaintiff's former attorney, Michael Dinh-Cohen, appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Suffolk County (Sgroi, J.), dated April 23, 2001, which, inter alia, denied that branch of his motion which was to establish a charging lien due to his violation of 22 NYCRR 1400.1 *et seq.* The appeal brings up for review so much of an order of the same court, dated June 13, 2001, as, in ef-

fect, upon granting reargument, adhered to the original determination (*see* CPLR 5517 [b]).

Ordered that the appeal from the order dated April 23, 2001, is dismissed, as that order was superseded by the order dated June 13, 2001, made upon reargument; and it is further,

Ordered that the order dated June 13, 2001, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

It is well settled that a "[matrimonial] attorney is precluded from seeking fees from his or her client where the attorney has failed to comply with 22 NYCRR 1400.3, which requires the execution and filing of a retainer agreement that sets forth, *inter alia*, the terms of compensation and the nature of services to be rendered" (*Mulcahy v Mulcahy,* 285 AD2d 587, 588; *see Kayden v Kayden,* 278 AD2d 202; *Potruch v Berson,* 261 AD2d 494). Likewise, an attorney's failure to provide a prospective client with a statement of rights and obligations will also preclude collection of a fee (*see Hunt v Hunt,* 273 AD2d 875, 876), as will the attorney's failure to provide itemized bills at least every 60 days (*see Julien v Machson,* 245 AD2d 122; *Kaplowitz v Newman,* 185 Misc 2d 205, 206). The failure to abide by these rules, " 'promulgated to address abuses in the practice of matrimonial law and to protect the public,' " will result in preclusion from recovering such legal fees (*Mulcahy v Mulcahy, supra* at 588, quoting *Julien v Machson, supra*).

The Supreme Court correctly concluded that the appellant's violations of the rules governing the conduct of matrimonial attorneys precluded him from recovering unpaid fees for legal services rendered to the respondent. Accordingly, the Supreme Court correctly denied that branch of the appellant's motion which was to establish a charging lien.

The appellant's remaining contentions either are without merit, improperly rest on matter dehors the record, or are raised for the first time on appeal. S. Miller, J.P., Schmidt, Adams and Townes, JJ., concur.