■ Bala Hari Pillai, Plaintiff, v Kathleen Pillai, Respondent. Renee E. Schell, Nonparty Appellant. [790 NYS2d 181]—

In an action for a divorce and ancillary relief, the defendant's former attorney, Renee E. Schell, appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Whelan, J.), dated October 20, 2003, as, upon renewal and after a hearing, adhered to its original determination in an order dated April 30, 2003, denying her motion to establish a charging lien pursuant to Judiciary Law § 475 in the amount of $29,367.75.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court, upon renewal, properly adhered to its original determination denying the appellant's motion to establish a charging lien since the appellant failed to demonstrate that she substantially complied with the rules governing the conduct of matrimonial attorneys. The appellant failed to establish that she provided the respondent with a statement of the client's rights and responsibilities (*see Bishop v Bishop*, 295 AD2d 382, 383 [2002]; *Hunt v Hunt*, 273 AD2d 875, 876 [2000]), filed the retainer agreement with the court (*see Wagman v Wagman*, 8 AD3d 263 [2004]; *Mulcahy v Mulcahy*, 285 AD2d 587 [2001]), or provided the respondent with itemized bills at least every 60 days (*see Bishop v Bishop, supra* at 383; *Julien v Machson*, 245 AD2d 122 [1997]), as required by 22 NYCRR 1400.2 and 1400.3.

The appellant's remaining contentions are without merit. Cozier, J.P., S. Miller, Santucci and Fisher, JJ., concur.