Greco v Greco (2018 NY Slip Op 03509)





Greco v Greco


2018 NY Slip Op 03509


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2015-04885
 (Index No. 201553/10)

[*1]Robert Greco, appellant, 
v
Susan Greco, defendant- respondent; Lawrence J. Glynn, et al., nonparty- respondents.


Leonard R. Sperber, Garden City, NY (Michelle S. Stein of counsel), for appellant.
Lawrence J. Glynn, White Plains, NY (Neal D. Futerfas of counsel), nonparty-respondent pro se and for defendant-respondent.
John A. Gemelli, P.C., Forest Hills, NY (John A. Gemelli pro se and David M. Gross of counsel), for nonparty-respondent John A. Gemelli.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Geoffrey J. O'Connell, J.H.O.), dated March 31, 2015. The order, insofar as appealed from, granted those branches of the defendant's motion which were for awards of counsel fees in the sums of $70,000 payable to Lawrence J. Glynn and $37,500 payable to John A. Gemelli, and for an award of expert witness fees in the sum of $12,700 payable to the defendant.
ORDERED that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof granting that branch of the defendant's motion which was for an award of counsel fees in the sum of $70,000 payable to Lawrence J. Glynn, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the defendant's motion which was for an award of expert witness fees in the sum of $12,700 payable to the defendant, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The parties were married in 1999 and have two children together. In May 2010, the plaintiff commenced this action for a divorce and ancillary relief. Following a custody trial, the plaintiff was awarded full custody of the children. Thereafter, a trial was held on the financial issues, and the Supreme Court issued a judgment of divorce. Following the conclusion of the trial on financial issues, the defendant moved for awards of counsel fees and expert witness fees. The court granted those branches of the motion which were for awards of counsel fees in the sums of $70,000 payable to Lawrence J. Glynn and $37,500 payable to John A. Gemelli, and for an award of expert witness fees in the sum of $12,700 payable to the defendant. The plaintiff appeals.
In a matrimonial action, an award of counsel fees is a matter committed to the sound discretion of the trial court (see Montoya v Montoya, 143 AD3d 865, 865; Vitale v Vitale, 112 AD3d 614, 614-615). However, court rules impose certain requirements upon attorneys who represent clients in domestic relations matters (see 22 NYCRR part 1400). These rules were designed to [*2]address abuses in the practice of matrimonial law and to protect the public, and the failure to substantially comply with the rules will preclude an attorney's recovery of a fee from his or her client (see Montoya v Montoya, 143 AD3d at 865; Hovanec v Hovanec, 79 AD3d 816, 817; Pillai v Pillai, 15 AD3d 466; Bishop v Bishop, 295 AD2d 382) or from the adversary spouse (see Rosado v Rosado, 100 AD3d 856; Wagman v Wagman, 8 AD3d 263). A showing of substantial compliance must be made on a prima facie basis as part of the moving party's papers (see Montoya v Montoya, 143 AD3d at 866; Gottlieb v Gottlieb, 101 AD3d 678, 679).
Here, the evidence proffered by the defendant in support of that branch of her motion which was for an award of counsel fees for work performed by Glynn demonstrates that Glynn failed to substantially comply with the rules requiring periodic billing statements at least every 60 days (see 22 NYCRR 1400.2, 1400.3[9]; Montoya v Montoya, 143 AD3d at 866; Rosado v Rosado, 100 AD3d at 856; Gahagan v Gahagan, 51 AD3d 863). Accordingly, the Supreme Court erred in granting that branch of the defendant's motion which pertains to Glynn's counsel's fees. However, the evidence before the court showed that Gemelli substantially complied with the rules (see Matter of Felix v Felix, 110 AD3d 805, 806). Accordingly, we agree with the court's determination to grant that branch of the defendant's motion which pertains to Gemelli's counsel fees.
"The award of expert witness fees in a matrimonial action is left to the sound discretion of the trial court, and should be made upon a detailed showing of the services to be rendered and the estimated time involved" (Vistocco v Jardine, 116 AD3d 842, 844). "Absent affidavits from the expert witnesses at issue, the Supreme Court lacks a sufficient basis to grant a motion for the award of such fees" (Avello v Avello, 72 AD3d 850, 852; see Corrao v Corrao, 209 AD2d 573, 574; Ahern v Ahern, 94 AD2d 53, 58). Here, the defendant failed to submit such expert affidavits. Thus, the Supreme Court improvidently exercised its discretion in awarding the defendant expert witness fees.
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court