Safir v Safir (2025 NY Slip Op 02095)

Safir v Safir

2025 NY Slip Op 02095

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2022-08109
 (Index No. 800779/20)

[*1]Michelle Safir, respondent 
v
Julian Safir, appellant.

Rosenberg Family Law, P.C., Garden City, NY (Lee Rosenberg of counsel), for appellant.
Wisselman Harounian Family Law, Carle Place, NY (Lloyd Rosen of counsel), for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Joseph H. Lorintz, J.), dated June 23, 2022. The order, insofar as appealed from, granted the plaintiff's cross-motion for an award of interim counsel fees to the extent of directing the defendant to pay interim counsel fees for the plaintiff in the sum of $40,000.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's cross-motion for an award of interim counsel fees is denied in its entirety.
The parties were married in August 2003 and have four children together. In or about July 2020, the plaintiff commenced this action for a divorce and ancillary relief. Subsequently, the defendant moved, inter alia, to disqualify the attorney for the children and the plaintiff cross-moved for an award of interim counsel fees. In an order dated June 23, 2022, the Supreme Court, among other things, granted the plaintiff's cross-motion to the extent of directing the defendant to pay interim counsel fees for the plaintiff in the sum of $40,000. The defendant appeals from that portion of the order.
Court rules impose certain requirements upon attorneys who represent clients in domestic relations matters (see 22 NYCRR part 1400). These rules are designed to address abuses in the practice of matrimonial law and to protect the public, and the failure to substantially comply with them will preclude an attorney's recovery of a legal fee from his or her client (see Hovanec v Hovanec, 79 AD3d 816, 817; Pillai v Pillai, 15 AD3d 466; Bishop v Bishop, 295 AD2d 382) or from the adversary spouse (see Rosado v Rosado, 100 AD3d 856; Wagman v Wagman, 8 AD3d 263). A showing of substantial compliance must be made, prima facie, as part of the moving party's papers (see Montoya v Montoya, 143 AD3d 865, 866; Gottlieb v Gottlieb, 101 AD3d 678, 679).
Here, the evidence proffered by the plaintiff in support of her cross-motion failed to demonstrate, prima facie, that her attorney substantially complied with the rules requiring periodic billing statements be sent at least every 60 days (see 22 NYCRR 1400.2, 1400.3; Bracey v Bracey, 222 AD3d 613, 614; Matter of Tarpey v Tarpey, 163 AD3d 687, 689; Greco v Greco, 161 AD3d 950, 952; Piza v Baez-Piza, 145 AD3d 808, 810; Vitale v Vitale, 112 AD3d 614, 615; Gottlieb v Gottlieb, 101 AD3d at 679). The plaintiff could not remedy this issue by submitting evidence in [*2]reply, "since a 'movant may not meet his or her burden on a motion by submitting evidence in reply'" (Yakobowicz v Yakobowicz, 217 AD3d 733, 737, quoting Dankenbrink v Dankenbrink, 154 AD3d 809, 810). Accordingly, the Supreme Court should have denied the plaintiff's cross-motion for an award of interim counsel fees in its entirety.
In light of our determination, the parties' remaining contentions need not be addressed.
IANNACCI, J.P., CHAMBERS, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court