Matthew M. Levy, J.
The petitioner has moved to confirm an arbitration award (Civ. Prac. Act, § 1461) and the respondent has cross-moved (Civ. Prac. Act, § 117) to vacate it (Civ. Prac. Act, § 1462, snbd. 3). The motions are consolidated.
The transaction involved the sale of merchandise. The only issue raised in the papers submitted on both applications is whether the arbitrators were guilty of misconduct in refusing the respondent’s request for an adjournment of the hearing in order to produce a witness who was to testify as to relevant and material matters.
It appears that it was the claim of the respondent that the agreement in issue required the petitioner to submit for the respondent’s approval samples of the colors and finish of the goods sold, and that the petitioner failed to comply with the agreement. It is asserted by the respondent that the absent witness, at whose request the respondent purchased the merchandise from the petitioner, participated in the negotiations between the parties, and that the witness would testify also that the petitioner did not conform to the terms of the contract concerning submission of samples prior to delivery of the merchandise, resulting in the respondent being compelled to purchase the goods elsewhere.
No minutes were taken of the hearing before the arbitrators; at least no transcript thereof was submitted to me. It appears from the affidavits that the arbitration hearing had been first scheduled for January 30,1962, and that upon adequate advance notice the hearing was adjourned at the respondent’s request. The adjourned date was fixed by the administrator of the arbitration tribunal as February 13, 1962, at 10:00 a.m. On that date and at that hour, the respondent asked for an adjournment because counsel was engaged in court and because the witness had unexpectedly been called out of town. The adjournment was denied, but a recess was granted to 3:00 p.m. that same day. After some difficulty in endeavoring to reach the respondent’s lawyer at the court, he did appear that afternoon — at 3:30. He, too, asked for an adjournment because of the absent witness, and that application, too, was denied. The hearing proceeded, and the request for adjournment was reiterated during and at the completion of the testimony, and the denial repeated. Both parties were present at the hearing when an adjournment was requested by the respondent to produce the witness referred to. But the grounds or reasons, if any, given by the arbitrators for their refusal of the adjournment requested are not disclosed by either party.
*648 Section 1462 of the Civil Practice Act provides, in part, that: “the court must make an order vacating the award, upon the application of any party to the controversy which was arbitrated: * * * 3. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.”
It is obvious that the testimony of the witness here involved was pertinent and material to the disputed issues. He was not a party to the agreement, he was apparently distinterested, and his testimony might be expected to have an important corroborative effect on the evidence submitted by the respondent’s officer himself. What weight would have been given by the arbitrators to the testimony of the witness is, of course, conjectural, and that issue is not for me to decide. But the respondent' should have been given a reasonable opportunity to produce the unexpectedly absent witness to substantiate its contentions as to petitioner’s fault. By refusing the adjournment the arbitrators, in effect, refused to hear evidence pertinent and material to the inquiry, to the prejudice of the respondent, and the refusal constitutes sufficient misconduct to vitiate the award (Gervant v. New England Fire Ins. Co., 306 N. Y. 393; Matter of Navarro [Kachurin], 266 App. Div. 181). My ruling in Post Constr. Corp. (Good Humor Corp.) (9 Misc 2d 392, affd. 6 A D 2d 684) is not determinative of this application, since the respondents in that case had failed to show that the excluded evidence was clearly relevant to the issue in dispute.
The cross motion is granted and the award is vacated. The motion to confirm the award is denied. Settle one appropriate order, providing for consolidation of the proceedings and reciting all the papers on both motions.