█ In the Matter of the Arbitration between LOYAL AUTOMOBILE INSURANCE Co., Respondent, and DEMPSEY-TEGELER & Co., Appellant.— Order, entered on September 12, 1962, granting petitioner's motion to vacate the award of arbitrators, reversed, on the law and on the facts, with $20 costs and disbursements to the appellant, and the decision of the arbitrators reinstated. A dispute between the parties relative to the management of petitioner's stock brokerage account with respondent was submitted to the Arbitration Board of the New York Stock Exchange at petitioner's request. Petitioner sought to annul the findings of the arbitrators, which exonerated respondent, on the ground of misconduct of the arbitrators. Special Term found that the general claims of partiality were not supported by the record, and with this we agree. There are two specific claims, related to each other. The arbitrators refused to accept an affidavit on the ground that the affiant could not be cross-examined. While arbitrators may accept such evidence if they choose, they are not required to do so and it is not misconduct if they refuse. Later the arbitrators refused an adjournment to bring the affiant from California. Under some circumstances this would be misconduct (Civ. Prac. Act, § 1462, subd. 3). Here, it was not. The testimony sought from the proposed witness was what was stated in his affidavit. He overheard a conversation, as to which both principals testified fully. When the affidavit was rejected on petitioner's case, its lay counsel knew that unless the witness was produced his corroborating testimony would not be received. He made no application at that time and, upon conclusion of his case, in response to specific inquiry, he replied that he had no further testimony he wished to offer. It was only after conclusion of respondent's case that the application was made. Had there been something new or unanticipated in respondent's case that required the testimony of the witness, the application would have been timely. But that is not the situation and there is no claim that it is. Under the circumstances, the refusal of an adjournment for the proper purpose requested was within the discretion of the arbitrators as to the proper conduct of the proceedings. Concur — Breitel, J. P., Rabin, Eager and Steuer, JJ.; McNally, J., dissents and votes to affirm for the reasons set forth in the opinion of Mr. Justice QUINN at Special Term.