■ In the Matter of FRANK DEL VECCHIO, Appellant, *v.* SAMUEL DEL VECCHIO et al., Respondents.— Appeal from an order of the Supreme Court, Suffolk County, entered August 28, 1968, which, after a decision denying appellant's application to vacate an award in arbitration, granted respondents' application to confirm the award. Order affirmed, with $10 costs and disbursements. No opinion. Brennan, Acting P. J., Benjamin, Martuscello and Kleinfeld, JJ., concur; Hopkins, J., dissents and votes to reverse the order and to grant appellant's application to vacate the arbitration award, with the following memorandum: Appellant was a partner with respondents under an agreement providing for arbitration of controversies arising under it. The arbitration, according to the agreement, was to be conducted pursuant to the rules of the American Arbitration Association. Disputes between the parties were referred to an arbitrator. After the hearing in the arbitration was closed, appellant, believing that certain evidence should have been presented by his counsel, retained new counsel who applied to the arbitrator for a reopening of the hearing to introduce the omitted evidence. Appellant was notified by the arbitrator (through the American Arbitration Association) that he had determined to grant his application; and a second hearing was scheduled. Two days later, the arbitrator notified appellant that no further evidence was required and in effect denied his application. Thereafter the arbitrator made an award adverse to appellant. The question is whether the arbitrator's action in reversing his determination to reopen the hearing amounts to misconduct under the statute (CPLR 7511, subd. [b]). That the arbitrator had the power to reopen the hearing to permit the reception of additional evidence is undoubted. Section 35 of the rules of the American Arbitration Association provides that an arbitrator on his own motion or upon application of a party may reopen the hearing at any time before an award is made. Here the arbitrator exercised the discretion which the rules vested in him and decided to reopen the hearing. We may fairly infer from his decision that he considered that appellant's application was meritorious. Once having made that decision, having notified the parties of his decision, and having set a date for the resumption of the hearing, he was, in my view, bound by it and could not reverse it. The kind of misconduct which the statute lays down as a ground for vacating an award in arbitration is not limited to venal or fraudulent acts by the arbitrator; it includes determinations in the course of the hearing which encroach on the fairness of the process. The denial by an arbitrator of the admission of evidence submitted by a party at a hearing constitutes misconduct (*Gervant* v. *New England Fire Ins. Co.*, 306 N. Y. 393; *Matter of Navarro* [*Kachurin*], 266 App. Div. 181), as does the refusal to grant an adjournment to obtain the testimony of a witness (*Matter of Palay Textile Corp.* [*Trio Togs*], 36 Misc

2d 646). In this setting the refusal of the arbitrator to reopen the hearing was a capricious act, equivalent to the refusal to hear evidence or to grant an adjournment, since the arbitrator had already come to the conclusion that appellant's application had merit. For this reason I would reverse the order at Special Term and grant appellant's application to vacate the award.