■ PEPPER WINTERS, Respondent, v HAROLD MENOWITZ et al., Defendants and Third-Party Plaintiffs-Respondents, and SUMMIT SECURITY Co., INC., Appellant. ORIGINAL TEMPO SERVICES CORP., Third-Party Defendant-Respondent. [641 NYS2d 43] —In a negligence action to recover damages for personal injuries, the defendant Summit Security Co., Inc., appeals from an order of the Supreme Court, Queens County (Lane, J.), dated January 6, 1995, which denied its motion for summary judgment dismissing the complaint and all cross claims and counterclaims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents, the motion is granted, the complaint and all cross claims and counterclaims are dismissed insofar as asserted against the defendant Summit Security Co., Inc., and the action against the remaining defendants is severed.

The plaintiff suffered injuries when she was assaulted by an unknown intruder during the course of her employment at the offices of the third-party defendant, located in a building owned by the defendants third-party plaintiffs (hereinafter the owners). The owners entered into an oral agreement with the appellant pursuant to which the appellant was required to provide unarmed security guards for the building's lobby. Although there was conflicting testimony regarding the exact time that the security guard reported for duty on the day of the assault, there was no evidence that he was required to assume his security post prior to 5:00 P.M. The owners and the appellant testified that the oral agreement between them required that security be posted in the lobby of the building,

Monday through Friday, from 5:00 P.M. to 10:30 P.M., when the building was closed for the night. The security guard was scheduled to report for duty at 4:00 P.M., and to run errands for the building's management until 5:00 P.M.

In any event, the plaintiff's deposition transcript, submitted in support of the appellant's motion for summary judgment, revealed that the plaintiff was assaulted by an unknown assailant at approximately 3:15 P.M. In addition, the building was open to the general public during the daytime hours, and the door to the plaintiff's office, which was located on the fifth floor of the building, was never locked, allowing anyone to enter the office.

Once a moving party has established a prima facie case for summary judgment, a party opposing the motion "must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which the opposing claim rests" (*Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 967). In support of its motion for summary judgment, the appellant submitted proof in the form of deposition transcripts from the plaintiff, the owners and manager of the building in which the plaintiff was assaulted, and from its own business manager.

The plaintiff failed to offer any admissible evidence to refute the appellant's evidence. Rather, her counsel submitted an affirmation merely claiming that there was a triable issue of fact regarding the time that the security guard assumed his security duties under the terms of the oral agreement. Under the circumstances, the plaintiff failed to sustain her burden of showing sufficient admissible evidence to create a triable issue of fact (*see*, CPLR 3212; *Frank Corp. v Federal Ins. Co., supra*). Rosenblatt, J. P., Copertino, Altman and Friedmann, JJ., concur.