*511 OPINION OF THE COURT
Robert S. Rose, J.
In this special proceeding authorized by the Rules of the Chief Administrator of the Courts (22 NYCRR 136.8), petitioner attorney applies for a judgment pursuant to CPLR 7511 (b) vacating an award made to respondent client in the compulsory arbitration of an attorneys’ fee dispute conducted under part 136 of those rules (22 NYCRR part 136). In that arbitration, respondent sought to recover $5,531.41, which was all of the money she had paid to petitioner. The panel of three arbitrators found that some of the legal services performed by petitioner had not required a written retainer and, therefore, they permitted petitioner to retain fees in the amount of $2,631.41 for those services. However, they also decided that the balance of $2,900 had to be refunded by petitioner because it represented fees collected for services for which a written retainer had been required but not provided.
Petitioner challenges the arbitrators’ decision on the grounds that the panel improperly awarded a refund of attorneys’ fees solely for her failure to prove that a written retainer agreement between the parties had been executed as required by the matrimonial rules (22 NYCRR part 1400). Petitioner asserts that respondent did sign a retainer agreement on February 12, 1994, that petitioner performed legal services until respondent terminated the attorney-client relationship, and that petitioner returned the unearned balance of the retainer to respondent. Respondent then demanded arbitration, a hearing was held by the panel on December 6, 1995, at which petitioner did not appear but was represented by counsel, and the panel rendered its decision on January 4, 1996. Petitioner presents several arguments as to why the award should be vacated.
First, petitioner argues that the Honorable Patrick D. Mon-serrate, the Administrative Judge who oversaw the arbitration process, failed to follow the procedure prescribed in the court rules by appointing one of the two attorney members of the panel as chairperson. Petitioner points out that 22 NYCRR 136.3 (d) provides that where, as here, there is more than one attorney on the panel, the panel members are to select the chair.
Second, petitioner asserts that the panel’s refusal to grant an adjournment of the arbitration hearing, which had been requested by petitioner’s counsel on the day before the scheduled hearing date, was unreasonable and prejudiced *512 petitioner by making it impossible for her to present evidence of the existence of a written retainer agreement between the parties.
Third, petitioner maintains that the panel neglected to respond to petitioner’s request for a new hearing which was made immediately after the hearing was conducted.
Fourth, since she maintains that there was a written retainer, petitioner asserts that the facts were misrepresented when respondent testified at the hearing that there had been no written retainer, and petitioner argues that the award therefore was obtained by fraud.
In her remaining arguments, petitioner asserts that the sole purpose of the arbitration had been to determine the reasonableness of her fee, that her counsel did present documentary evidence of the reasonableness of her fee at the hearing, and that she had had no further burden to produce a written retainer. Thus, she argues that the panel had no authority to consider whether the absence of a written retainer precluded retention of the fee and that since the panel had refused to consider evidence of the fee’s reasonableness, the resulting decision exceeded the panel’s power because it was based upon an issue that was irrelevant and not presented to the panel for decision.
In response, respondent submits an answer admitting some of the allegations of the petition, but denying all those pertinent to the propriety of the arbitration panel’s actions and award. Respondent argues that the panel properly denied petitioner that portion of her fee for which a written retainer had been required because under Code of Professional Responsibility DR 2-106 (C) (2) (B) (22 NYCRR 1200.11 [c] [2] [ii]), petitioner had been precluded from charging or collecting any fee in a domestic relations matter in the absence of a written retainer agreement.
As to petitioner’s objections to the procedural aspects of the arbitration, respondent argues that petitioner has failed to demonstrate that she was prejudiced by any of the actions of the arbitrators. Specifically, respondent asserts that petitioner’s alleged inability to attend the hearing is irrelevant because the panel based its award of a refund of fees solely upon her failure to produce a written retainer which petitioner concedes she could not have produced even if she had attended the hearing.
Reviewing petitioner’s challenges to the arbitration award in the order presented, the court finds that the Adminis *513 trative Judge’s selection of the panel’s chair was at most a technical irregularity which has not been shown to have prejudiced petitioner. Thus, it presents no ground for vacating the award under CPLR 7511 (b) (1).
As to the denial of petitioner’s request for an adjournment of the hearing, the court first notes that it is "well settled that the decision to grant or deny a request for an adjournment rests within the sound discretion of the arbitrator and it is only when that discretion is abused that misconduct results” (Matter of Cox [Mitchell], 188 AD2d 915, 917 [citations omitted]). Second, "[although such misconduct may occur where the refusal to grant an adjournment results in the foreclosure of the presentation of material and pertinent evidence * * * 'the burden of proving misconduct rests on the party attacking the award and must be met by clear and convincing proof ” (supra [citations omitted]). However, this burden is not met where the material and pertinent evidence was, or could have been, presented to the arbitrators by other means or where the nature and importance of the engagement which precluded the attendance of the absent witness were not communicated to the arbitrators (see, Matter of Disston Co. [Sandvik Aktiebolag], 176 AD2d 679).
Here, petitioner has not established misconduct by clear and convincing proof because she offers nothing more than her assertion that if the adjournment had been granted, then she would have been able to personally testify to the existence of a written retainer. Since petitioner concedes that she could not have produced a copy of the retainer itself and since she had already affirmed under penalty of perjury in her written response to respondent’s request for arbitration that there had been a written retainer agreement,[1] there is no reason to believe that her oral reiteration of her written allegation would have brought her any closer to meeting her burden of proof (see, Matter of Loyal Auto. Ins. Co. [Dempsey-Tegeler & Co.], 19 AD2d 596, afjfd 16 NY2d 915). The panel could reasonably have accepted respondent’s testimony to the contrary even if petitioner had testified as to the agreement. Thus, the court cannot conclude that petitioner’s testimony was essential or that the absence of her oral testimony prevented the panel from hearing pertinent and material evidence on a crucial issue of the arbitration (see, Matter of Cox [Mitchell], supra, at 918).
*514 In rendering their decision here, the arbitrators reached two legal conclusions. The first conclusion, that a written retainer was necessary in order for petitioner to retain all of the fees paid by respondent, is explicitly stated in their decision and is discussed further below. The second conclusion, that the existence of such a retainer could be established only by the attorney’s production of a copy of the retainer itself, is implicit in, but was not necessary for, their finding that petitioner had not met her burden of proof. It is equally possible that they credited respondent’s testimony rather than petitioner’s affirmation as to the existence of a retainer agreement.
Although such a contract normally could be proven by secondary evidence in the absence of the writing itself, the arbitrators were not bound by the rules of evidence (22 NYCRR 136.6 [a]) and their determination to accept nothing less than a copy of the document itself was merely an unreviewable error of law. "An arbitrator’s paramount responsibility is to reach an equitable result, and the courts will not assume the role of overseers to mold the award to conform to their sense of justice. Thus, an arbitator’s award will not be vacated for errors of law and fact committed by the arbitrator” (Matter of Sprinzen [Nomberg], 46 NY2d 623, 629 [citations omitted]).
However, even if petitioner’s testimony were found to have been pertinent and material, the chair’s denial of her request for an adjournment still would not have been an abuse of discretion because her request for the adjournment had not been reasonable under all the circumstances. First, it appears that petitioner consciously chose to make herself unavailable by agreeing to another engagement out of the area of the hearing before requesting or receiving an answer to her request for the adjournment. As recited in the arbitrators’ decision, petitioner’s "office informed the arbitration panel the day before the noticed hearing that she was out of state and therefore unavailable”.
Second, petitioner’s request was made the day before the hearing and was communicated by her counsel without an explanation of the need for the adjournment other than that petitioner was "out of the state” on private business.[2] There is no indication why petitioner did not request the adjournment *515 personally or make an attempt to communicate the reason for her inability to attend to the panel. Since petitioner had an ethical and professional obligation to participate in the arbitration proceeding (see, 22 NYCRR 136.10), she should not have agreed to another voluntary appointment, no matter how urgent or confidential, without first obtaining an adjournment.
Given petitioner’s failure to provide the arbitrators with some explanation of the need for the adjournment and in light of her strong ethical obligation to appear, the panel’s chair was justified in denying her request, and any resulting prejudice is the natural consequence of petitioner’s own choice and not of the chair’s decision. Since petitioner has failed to show that a genuine emergency had necessitated her absence from the scheduled hearing, the chair’s denial cannot be viewed as rising to the level of misconduct necessary to vacate an arbitration award (see, Shearson Lehman Hutton v Meyer, 174 AD2d 496, 497).
Similarly, as to petitioner’s request for a rehearing,* *[3] the panel’s decision indicates that her request was denied because of her unsatisfactory explanation of why she had been unable to attend the originally scheduled hearing. Again, in these circumstances, it was not misconduct to refuse to reopen the concluded proceeding (cf., Matter of Del Vecchio v Del Vecchio, 32 AD2d 1060) and petitioner has not established a basis for vacating the award.
As to the issue of the written retainer agreement, it is clear that petitioner, rather than respondent, had the burden of proof at the hearing (see, 22 NYCRR 136.6 [b]). While this burden normally requires proof only of the reasonableness of the fee, it also presumes that the fee, whatever the amount, could be charged and collected without a violation of the Code of Professional Responsibility. The Code effectively precludes an attorney from collecting any fee where there is no written retainer in any case where one is required under the matrimonial rules, and certainly, such a fee could not be reasonable if it were one expressly precluded by court rule.
Here, there is no dispute that a written retainer was required in order for petitioner to retain the fees paid for some of the services undertaken by petitioner on respondent’s behalf. Such *516 a retainer is mandated by both the matrimonial rules and the Code of Professional Responsibility. Since petitioner would not have been entitled to that fee in the absence of a written retainer, she was obligated to establish the existence of such a retainer before the issue of the reasonableness of the fee could be considered. While it is arguable that petitioner did not have to produce the retainer itself, she had the burden to prove its existence and execution. The arbitrators expressly found that petitioner failed to meet this burden, and their determination of this factual issue is binding on the parties.
Thus, the court finds that the issue of the existence of a written retainer was a proper and implicitly necessary issue that was both submitted to the arbitrators and fully within their power to determine. Since an attorney may not collect a fee barred by the public policy expressed in the Code of Professional Responsibility (see, Matter of Cooperman, 83 NY2d 465, 471), the arbitrators’ determination that respondent’s payment to petitioner should be refunded was the only appropriate ruling once they determined that the existence of a written retainer had not been proven.
Finally, as to petitioner’s claim that respondent misrepresented that there had been no written retainer and as to her charge that someone acting on respondent’s behalf might have removed petitioner’s copy of the retainer agreement from her office, the court finds that respondent’s testimony presented issues of credibility to be resolved by the arbitration panel and that given petitioner’s unexplained failure to appear and present her version of the facts, the panel was justified in deciding that petitioner had not met her burden of proof. In these circumstances, the court cannot conclude that the award was obtained by fraud. As to the charge of theft, this is a mere conclusory allegation by petitioner which was not before the arbitrators. While this alleged theft, if proven, might have excused petitioner’s failure to produce a copy of the retainer at the hearing, there is no indication that either an adjournment or a rehearing would have made it possible for her to establish the theft or to otherwise discredit respondent’s testimony. In any event, this allegation certainly is not sufficient to demonstrate that the award was obtained by fraud or misconduct.
Accordingly, the petition is denied and the arbitrators’ award is confirmed.

. There is no indication in the record that the panel refused to accept this proof.

. Petitioner now discloses that her engagement resulted from a conversation with the Honorable Kathryn McDonald on December 4, 1995, and involved a confidential meeting with Judge McDonald and Peter Ryan, Esq. (an OCA official) in New York City on December 6, 1995. Petitioner states that she had to meet with Judge McDonald and Mr. Ryan then because after *515 that date, Mr. Ryan would not have been available for an unspecified period of time.

. Although petitioner states that the panel neglected to respond to her request, the panel’s written decision clearly indicates that the request had been considered and denied.