OPINION OF THE COURT
Doris Ling-Cohan, J.
This is a claim brought in the Small Claims Part for attorney’s fees allegedly owed to claimant for services rendered in connection with a divorce proceeding in which defendant was suing her husband. The defendant counterclaimed for fees paid for services allegedly not rendered in the divorce action. A trial was held at which claimant and defendant testified.
*121 This attorney’s fee application is governed by the "new” matrimonial rules.[1] Although these rules are referred to as "new”, these rules have been in eifect since November 30, 1993. (See, Silbermann and Sattler, Matrimonial Rules, Misconceptions About Matrimonial Rules, Case Management Aspects Continue to Baffle Attorneys, NYLJ, Aug. 5, 1996, at S3, col 1 [hereinafter Silbermann].)
These rules are applicable "where representation has commenced on or after November 30, 1993, to all attorneys who undertake to represent a client in a claim, action or proceeding, or preliminary to the filing of a claim, action or proceeding, in either Supreme Court or Family Court, or in any court of appellate jurisdiction, for divorce, separation, annulment, custody, visitation, maintenance, child support, alimony, or to enforce or modify a judgment or order in connection with any such claims, actions or proceedings.” (22 NYCRR 136.1; see, Silbermann, op. cit.) Here, representation in the Supreme Court divorce action commenced on March 22, 1994 and is clearly covered by the rules. (Cf., Edward P. Kallen P. C. v Fisch, NYLJ, Aug. 29, 1994, at 31, col 2 [Just Ct, Rockland County] [Small Claims Court would not divest itself of jurisdiction in attorney’s fee case because matrimonial rules are inapplicable where parties contracted prior to November 30, 1993].)[2]
I. Requirements of Matrimonial Rules A. Retainer Agreements
A retainer agreement is mandated by the matrimonial rules and the Code of Professional Responsibility. (McMahon v Evans, 169 Misc 2d 509 [Sup Ct, Broome County 1996].) Furthermore, the matrimonial rules require that the agreement and a net worth statement be filed with the court no later than 10 days before the preliminary conference. (Uniform Rules for Trial Cts [22 NYCRR] § 202.16 [c] [1]; [f] [l];[3] see, Silbermann, op cit., at S3, col 4.) If there is substitution of counsel after the filing of the net worth statement, a signed copy of the retainer *122 agreement shall be filed with the court within 15 days of signing. (22 NYCRR 1400.3.) The matrimonial rules further provide for the inclusion of certain information in the retainer agreement including the nature of the services to be rendered, amount of the advance retainer and what it covers, the client’s right to cancel, the hourly rate of each person whose time may be charged to the client, the disbursements not included in the fee, and the right to fee arbitration in the event of a dispute concerning the attorney’s fee. (22 NYCRR 1400.3.)[4]
B. Arbitration of Disputes
The matrimonial rules provide for arbitration of disputes concerning the attorney’s fee at the client’s option. (22 NYCRR 136.2, 1400.7.) Such arbitration shall be binding on both parties. (22 NYCRR 136.2, 1400.7.) A client may request arbitration pursuant to 22 NYCRR 136.5 (e) either: (1) in response to a notice from the attorney given pursuant to 22 NYCRR 136.5 (a) (discussed below); (2) upon written consent pursuant to 22 NYCRR 136.5 (d); or (3) upon the client’s own initiative. (22 NYCRR 136.5 [d]; see, Brandes and Weidman, Law and the Family, Regulation of the Conduct of Divorce Lawyers, NYLJ, Mar. 22,1994, at 3, col 1.) The Code of Professional Responsibility provides that in domestic matters to which part 1400 is applicable, "a lawyer shall resolve fee disputes by arbitration at the election of the client”. (Code of Professional Responsibility DR 2-106 [E] [22 NYCRR 1200.11 (e)].)
C. Notification of Arbitration Option
Furthermore, the matrimonial rules provide a specific procedure which must be followed by the attorney where a dispute arises between the attorney and client as to the attorney’s fee. (22 NYCRR 136.5.) Specifically, upon such disagreement, the attorney must provide a notice in writing to the client (section 136.5 notice) by certified mail or by personal service that (s)he has 30 days from receipt of the notice in which to elect to resolve the dispute by arbitration, the result of which is binding upon both sides. (22 NYCRR 136.5 [a]; see, Silbermann, op. cit, at S4, col 4.) Additionally, the attorney must include the standard instructions developed by the Chief Administrator regarding the arbitration procedure and a copy of a request for arbitration. (22 NYCRR 136.5 [a].)
*123 D. Complaints in Attorney’s Fees Actions
Prior to the attorney instituting an action to recover a fee, the matrimonial rules specifically provide for a section 136.5 notice to the client regarding the arbitration option. The client then has 30 days to file an arbitration request. (22 NYCRR 136.5 [b].) In fact, in the complaint, the attorney must allege that "the client received notice under this rule of his or her right to pursue arbitration and did not file a timely request for arbitration.” (22 NYCRR 136.5 [c].) If the section 136.5 notice is not given to the client, the court may not entertain an attorney’s fee application. (Silbermann, op. cit., at S4, col 4.) An attorney may not collect a fee barred by the public policy expressed in the Code of Professional Responsibility. (McMahon v Evans, 169 Misc 2d 509, 516, supra, citing Matter of Cooperman, 83 NY2d 465, 471 [1994].)
II. Purpose of the Small Claims Part
As this fee dispute arises in the context of a small claims action, it is useful to discuss the purpose of the Small Claims "Court”.[5] The Small Claims Part was created in 1934. There was an increasing awareness that existing courts were not able to provide adequate facilities for the litigant with a small claim, who could not afford to employ a lawyer, and that delay, expense and procedural formality needed to be dispensed with. (Levins v Bucholtz, 208 Misc 597, affd 2 AD2d 351 [1st Dept 1956].) Thus, the purpose for which the Small Claims Part was created is to provide a forum for the relatively expeditious resolution of disputes at little cost to the litigants, that avoids complicated procedures and the need for attorneys. (Mutual Life Ins. Co. v Cassiere, 102 Misc 2d 395 [Civ Ct, Bronx County 1979] [citing Governor’s Mem approving L 1979, chs 76, 77, 78, 79, 1979 NY Legis Ann, at 77-78]; see, Resnick v New York City Health & Hosps. Corp., 161 Misc 2d 156 [Civ Ct, Richmond County 1994].)
III. Application of the Matrimonial Rules To Small Claims
In the instant case there is no indication that the claimant attorney complied with the matrimonial rules regarding the arbitration of fee disputes prior to filing. Specifically, no evidence was presented at the hearing that he sent the defendant *124 client a notice which advised the client of her right to seek arbitration in compliance with 22 NYCRR 136.5 (a).
Moreover, this was not pleaded in the complaint. The court notes that this is a small claims action in which a form containing predesignated boxes are normally checked off by the claimant and, as such, was not a formal complaint.[6] Specifically, CCA 1803 (a) provides in relevant part: "Small claims shall be commenced upon the payment by the claimant of a filing fee * * * and the cost of mailings as herein provided, without the service of a summons and, except by special order of the court, without the service of any pleading other than a statement of his cause of action by the claimant or someone in his behalf to the clerk, who shall reduce the same to a concise, written form and record it in a docket kept especially for such purpose.”
Even though small claims matters are concededly not initiated by a formal complaint, it does not appear from the court file that the necessary allegations were pleaded in this case. Although the purpose of the Small Claims Court is to allow litigants to freely gain access to the court to litigate small sums, a claimant who is an attorney should not be able to use the Small Claims Part and its procedural informality to circumvent the matrimonial rules.[7] Moreover, the CCA does provide that, by special order of the court, claimant could have sought to serve a pleading in addition or instead of the statement of his cause of action. (CCA 1803 [a].) This alternative pleading could have included the allegation that an arbitration notice was given in compliance with 22 NYCRR 136.5 (a) if, in fact, that such was the case.
This court is mindful that the matrimonial rules are intended to instill public confidence in attorneys and the legal system by providing clear guidelines as to what duties are incumbent on, and what rights inure to the benefit of the attorney and the client. (See, S.M. v A.L.G., NYLJ, Sept. 24, 1993, at 27, col 5, supra.) One clear purpose of the rules is to provide a streamlined extrajudicial mechanism for the resolution of fee disputes in matrimonial representation.
Accordingly, it is this court’s holding that a section 136.5 notice must be given to the client and such notice is a condition precedent to filing a suit for attorney’s fees. Some types of no *125 tices that are condition precedents to prosecution of an action or proceeding have been held to be predicates to a court’s obtaining jurisdiction over the subject matter of an action. (See, Lurie v New York City Off. of Comptroller, 154 Misc 2d 950, 952 [Civ Ct, NY County 1992], citing Dowarp Realty Co. v Acevedo, NYLJ, Apr. 3, 1990, at 26, col 2 [App Term, 1st Dept 1990]; Solack Estates v Goodman, 102 Misc 2d 504, affd 78 AD2d 512 [1st Dept 1980].) Similarly, in the context of a notice of claim, service of the predicate notice has been held to be an indispensable part of the cause of action. (Jackson v Police Dept., 119 AD2d 551, 552 [2d Dept 1986].) Whether jurisdictional or part of the cause of action, the requirement of serving such a notice is a matter of substantive law, not merely procedural. (Supra; contra, Johnson v Timmerman, 92 Misc 2d 626, 629 [Jefferson County Ct 1978].) Similarly, this court holds that service of the section 136.5 notice is not merely procedural but is a matter of substantive law.
Even under the "relaxed standards” of "substantial justice” applicable to Small Claims Court, this court remains a court of law and cases must be determined according to rules of substantive law. (CCA 1802, 1804; see, Jewett v Jewett, 79 Misc 2d 76 [Broome County Ct 1974]; see also, Siegel, NY Prac § 581, at 917 [2d ed].) While the Small Claims Part may greatly relax the rules of procedure and evidence, the substantive result should not be different than in any other court. (See, Chang v Chiariello, 114 Misc 2d 186, 188 [Civ Ct, Queens County 1982].) Allowing the claimant to circumvent the matrimonial rules under the guise of doing "substantial justice” would be against public policy. The matrimonial rules were passed to counter the public’s perception of attorneys and the legal system. As it appears that no such notice was given pursuant to the matrimonial rules, a dismissal without prejudice of the main claim is warranted. Ruling on defendant’s counterclaim at this time would severely prejudice her on this matter, given that it does not appear that she was given the option of arbitration in compliance with the matrimonial rules. Thus, the defendant’s counterclaim is severed, subject to renewal within 40 days of entry of this decision, so that she can exercise her option to choose arbitration of the fee dispute should she decide to do so.

. The "new” rules include changes such as: the creation of 22 NYCRR part 1400; amendment of Code of Professional Responsibility DR 1-102 (22 NYCRR 1200.3); DR 2-106 (22 NYCRR 1200.11); DR 2-105-a (22 NYCRR 1200.10-a); creation of new fee arbitration provisions (22 NYCRR part 136); and amendment to Uniform Rules for Trial Courts (22 NYCRR) § 202.16. (See, Corletta v Oliveri, 169 Misc 2d 1 [Sup Ct, Monroe County 1996].)

. The rules may be used as "guidance” in disputes involving agreements made before November 30,1993. (See, S.M. v A.L.G., NYLJ, Sept. 24, 1993, at 27, col 5 [Just Ct, Rockland County].)

. As noted in the Silbermann article, these filing provisions are rarely complied with. (Silbermann, op cit, at S3, col 4.)

. The rules also provide that the attorney must provide a prospective client with a statement of client’s rights and responsibilities, in a form prescribed by the Appellate Divisions, at the initial conference and prior to the signing of a written retainer agreement. (22 NYCRR 1400.2.)

. The part in which small claims actions are litigated is often called "Small Claims Court”. It is, however, a part of a larger court. In New York City, the Small Claims Part is located within the Civil Court. (CCA 1801 et seq.)

. This complaint is known as a "Statement of Claim”.

. The court notes that the evidence adduced does not show that claimant deliberately attempted to circumvent the rules or otherwise acted improperly. In fact, it appears claimant did actively represent defendant and did a substantial amount of work on her behalf.