OPINION OF THE COURT
Jo Ann Friia, J.
This civil action was commenced by plaintiff to recover attorney’s fees for legal services rendered in connection with a domestic relations matter. Defendant moves for an order (1) granting leave to move for summary judgment pursuant to CPLR 3212 (a); (2) dismissing plaintiff’s complaint; and (3) *393 granting summary judgment on defendant’s counterclaim which seeks a refund of legal fees previously paid to and collected by the plaintiff. The instant motion is unopposed.
CPLR 3212 (a) provides, in relevant part, that a motion for summary judgment “shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown”. This statute was amended in 1996 (L 1996, ch 492) to “address the proliferation of eleventh hour motions, made when there is inadequate time for reply or proper court consideration, and to prevent trial delays which often prejudice litigants who have spent extensive time and money in trial preparation.” (Auger v State of New York, 236 AD2d 177,179 [3d Dept 1997].) The statute, however, does not provide a safe haven for frivolous or meritless lawsuits and “[floreclosing the opportunity for a summary judgment motion in a sense punishes the whole court system by keeping a case alive when an earlier arrangement for a decent funeral is possible.” {See, Siegel, 1996 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3212:12, 1998 Pocket Part, at 61-62.) The trial court should therefore be afforded wide latitude with respect to determining whether “good cause” exists for permitting late motions. (Rossi v Arnot Ogden Med. Ctr., 252 AD2d 778 [3d Dept 1998].) “Good cause” has been defined as “a written expression or explanation by the party or his legal representative evincing a viable, credible reason for delay, which, when viewed objectively, warrants a departure or exception to the timeliness requirement.” (Surace v Lostrappo, 176 MisV 2d 408, 410 [Sup Ct, Nassau County 1998].)
Upon review of the procedural background of this action and applying the foregoing principles, the court hereby grants the first branch of defendant’s motion seeking leave to move for summary judgment pursuant to CPLR 3212 (a).
The pivotal issue of defendant’s motion and the success of the case itself is the application and strict compliance by plaintiff with the matrimonial rules set forth in part 136 of the Rules of the Chief Administrator of the Courts (22 NYCRR) and part 1400 of the Joint Rules of the Appellate Division (22 NYCRR).
It is well settled that a proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, by tendering sufficient evidence to eliminate any material issue(s) of fact from the case. (Cox v Kingsboro Med. Group, 88 NY2d 904 [1996].) Once the *394 proponent has established its prima facie case for summary judgment, the nonmoving party must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact. (Winters v Menowitz, 226 AD2d 451 [2d Dept 1996].) It is issue finding, as opposed to issue determination, which is the key to summary judgment and papers must be scrutinized carefully in a light most favorable to the nonmoving party. (Ptasznik v Schultz, 223 AD2d 695 [2d Dept 1996].) 22 NYCRR 136.5 states in part as follows:
“(a) Where the attorney and client cannot agree as to the attorney’s fee, the attorney shall inform the client in writing by certified mail or by personal service that he or she has 30 days from receipt of the notice in which to elect to resolve the dispute by arbitration, the result of which is binding upon both attorney and client * * *
“(b) If the client does not file the request for arbitration within the 30-day period, the attorney may commence an action to recover the fee and the client no longer shall have the right to request arbitration pursuant to this Part with respect to the fee dispute at issue.
“(c) An attorney who institutes an action to recover a fee must allege in the complaint that the client received notice under this rule of his or her right to pursue arbitration and did not file a timely request for arbitration.”
The court having carefully reviewed the affirmation of Paul Jaffe, Esq., the affidavit of Thomas Pacicca and all exhibits annexed thereto, finds that plaintiff has patently failed to comply with the notice of requirement of 22 NYCRR 136.5 (a) and the pleading requirement set forth in 22 NYCRR 136.5 (c). Specifically, the moving papers show that defendant was duly served with a summons and complaint on September 10, 1997, but no notice to arbitrate was served upon defendant until September 18, 1997, some eight days after the commencement of the action. Since the notice pursuant to 22 NYCRR 136.5 (a) is a condition precedent to suit, the court finds the instant action was commenced in contravention of part 136 of the Rules of the Chief Administrator of the Courts. {See, L.H. v V.W., 171 Mise 2d 120 [Civ Ct, Bronx County 1996].) Moreover, the complaint is itself jurisdictionally defective in that it fails to allege the requisite notice requirement (22 NYCRR 136.5 [c]).
Therefore, the second branch of defendant’s motion for an order dismissing plaintiffs complaint is granted.
A retainer agreement is mandated by the matrimonial rules and the Code of Professional Responsibility. (McMahon v Ev *395 ans, 169 Misc 2d 509 [Sup Ct, Broome County 1996].) The purpose of the rule is to inform and protect the matrimonial client who is about to be involved in what is frequently stressful litigation and who is in a. particularly vulnerable position. (See, Tenzer Greenblatt v Rinfret, NYLJ, Sept. 16, 1997, at 27, col 5 [Sup Ct, NY County 1997].)
22 NYCRR 1400.3 provides: “An attorney who undertakes to represent a party and enters into an arrangement for, charges or collects any fee from a client shall execute a written agreement with the client setting forth in plain language the terms of compensation and the nature of services to be rendered”. Code of Professional Responsibility DR 2-106 (C) (2) (B) (22 NYCRR 1200.11 [c] [2] [ii]) provides:
“A lawyer shall not enter into an arrangement for, charge or collect * * *
“(2) any fee in a domestic relations matter to which Part 1400 of the joint rules of the Appellate Division is applicable * * *
“(ii) unless a written retainer agreement is signed by the lawyer and client setting forth in plain language the nature of the relationship and the details of the fee arrangement.”
The law is clear that where an attorney fails to strictly comply with the mandates of 22 NYCRR 1400.3, that attorney is barred from collecting fees in a domestic relations matter. (See, Flanagan v Flanagan, 175 Misc 2d 160 [Sup Ct, NY County 1997]; Forbes v Forbes, NYLJ, Feb. 26, 1997, at 26, col 1 [Sup Ct, NY County 1997]; McMahon v Evans, 169 Misc 2d 509 [Sup Ct, Broome County 1996], supra; Philips v Philips, 178 Mise 2d 159 [Sup Ct, Nassau County 1998].) Simply put, since the defendant here did not sign a retainer agreement, plaintiff is not entitled to recover attorney’s fees for any work performed in the matrimonial matter and must refund any fees previously collected. (See, McMahon v Evans, supra.)
Accordingly, the third branch of defendant’s motion is granted. Judgment is awarded in favor of defendant and against plaintiff on defendant’s counterclaim in the amount of $4,618.40. Submit judgment for signature.