■ KATHERINE WANKEL, Respondent, v SERGIO SPODEK et al., Respondents. FINKELSTEIN NEWMAN LLP, Nonparty Appellant. [767 NYS2d 429]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered May 8, 2003, granting plaintiff's application to direct nonparty appellant to turn over its file in this case to plaintiff, unanimously reversed, on the law, without costs, and the application denied.

In or about July 2000, nonparty appellant Finkelstein Newman LLP (FNLLP) was retained by plaintiff Katherine Wankel, a building owner, to represent her in connection with an action for breach of fiduciary duty, conversion, rescission of a lease and injunctive relief against the building manager.

In or about February 2003, FNLLP applied to the court to be relieved as plaintiff's counsel, claiming it had engaged in extensive motion practice and discovery, resulting in legal fees of $54,623.14, which plaintiff had failed to pay.

On February 20, 2003, FNLLP's application to withdraw was resolved by a stipulation, signed and so ordered by the court. It reads as follows: "It is hereby stipulated that the motion for leave to withdraw is granted. Charging lien in an amount to be determined at the conclusion of the case. [FNLLP] expressly reserves all other rights and remedies it is entitled to at law. All proceedings stayed for 30 days."

Plaintiff thereafter sought, by order to show cause, to compel

FNLLP to release the plaintiff's files, which FNLLP refused to do because plaintiff still had made no payment toward the fee of $54,623.14. Plaintiff contended that the stipulation permitting FNLLP to withdraw granted the law firm a charging lien only, not a retaining lien. FNLLP countered that the stipulation's grant of a charging lien did not deprive it of any of its other legal rights, including its right to assert a retaining lien over plaintiff's files, which were in FNLLP's possession, until plaintiff paid the $54,623.14 in legal fees or posted an undertaking securing the amount owed—a right FNLLP argues it specifically reserved in the stipulation.

In an order entered May 8, 2003, the court granted plaintiff's application stating:"This matter (the dispute over legal fees) was settled before me and it was agreed that a *charging lien*, not a retaining lien, would issue. The . . . [illegible] wording of the written stipulation/order is ambiguous, does not change the agreement reached in open court, before this court."

A charging lien grants an attorney an interest in any judgment or settlement in favor of the client in the action in which the attorney previously represented the client. In contrast, a retaining lien permits the attorney to retain all of the client's papers and files until all outstanding fees are paid (*Butler, Fitzgerald & Potter v Gelmin*, 235 AD2d 218, 219 [1997]). The award of a charging lien does not preclude an attorney from asserting a retaining lien as these remedies "are not exclusive but cumulative" (*id.* at 219).

FNLLP did not waive its right to assert a retaining lien in the stipulation. Rather, the stipulation expressly reserved FNLLP's "other rights and remedies . . . at law." Contrary to the motion court's determination, the stipulation, entered into in open court, is not ambiguous and, thus, extrinsic evidence may not be considered in its interpretation (*see Teitelbaum Holdings v Gold*, 48 NY2d 51, 56 [1979]). Concur—Tom, J.P., Saxe, Rosenberger and Marlow, JJ.