OPINION OF THE COURT
Philip S. Straniere, J.
Claimant, Amanda Bonner, an attorney at law, commenced this small claims action against the defendant, Chandrani Goonewardene, also known as Chandrani Nawagamu, alleging that the defendant failed to pay for legal services rendered in a custody proceeding in Family Court, Richmond County. Defendant defaulted in appearing and answering and on April 28, 2005 the claimant, after inquest, was awarded a judgment of $4,500 for legal services rendered plus costs of $20. Currently before the court is a motion by the defendant to vacate the judgment.
In support of her application defendant claims that she did not receive a notice of the hearing. The court records indicate that the complaint was mailed by certified mail, return receipt requested, and regular mail to defendant at 167 Carroll Place, apartment A-ll, Staten Island, New York, and the certified notice was returned to the courthouse as “unclaimed” on May 9, 2005, 11 days after the inquest date. Claimant, in opposition to the motion, has submitted documentation from the United States Postal Service showing that the defendant filed a change of address form as of April 11, 2005 one week after the clerk of the court mailed the complaint. The court records show that the certified letter was not returned as “undeliverable” but as “unclaimed” and there is no evidence that the regular mail notice was returned to the court. It should be pointed out that the Postal Service records show that the defendant filed another change of address from the address she placed in the motion papers, 70 Corson Avenue, Staten Island, New York, to 328 Victory Boulevard, Staten Island, New York. This was done on May 17, 2005 five days after she notified the court that she was living at 70 Corson Avenue. She has never corrected the address with the court.
In order to vacate a default judgment the defendant must show a reasonable excuse and a meritorious defense (CPLR 317, *1061 5015 [a]). Defendant asserts in her affidavit that she does not owe the amount claimant asserts is due and that the claimant is wrongfully withholding the passports of defendant and defendant’s son, thereby unlawfully preventing them from returning to Sri Lanka.
A review of claimant’s billing record reveals that she provided 20.22 hours of service for defendant and defendant’s son in regard to the custody proceeding. The services were provided between August 23, 2004 and February 10, 2005. Claimant alleges the existence of a retainer agreement which set forth her hourly rate at $250 an hour. The agreement is not part of the record. If that is factual, then the hourly billings total $5,055. Claimant has credited the defendant with payments of $1,100. This leaves a balance due and owing of $3,955. In a letter to the defendant notifying defendant of the availability of fee arbitration if defendant disputes the amount billed, the claimant lists the total due to her as $3,950. The exhibits contradict claimant’s assertion that she was owed $4,500 and require that the inquest amount be vacated as it is unsupported by the evidence.
There is another problem with claimant’s proof that requires the vacating of her judgment. The Appellate Division Rules for Attorneys in Domestic Relations Matters (22 NYCRR part 1400) include custody disputes in their coverage and provide that there shall be a written retainer agreement between the attorney and the client (22 NYCRR 1400.3). The failure to have such an agreement prevents an attorney from collecting legal fees (Mueller v Pacicca, 179 Misc 2d 392 [1998]). Claimant alleges the existence of the retainer and that she provided the required “Statement of Client’s Rights and Responsibilities’’ to the defendant; however, none of these documents are part of the record. Therefore, claimant has failed to prove her prima facie case.
The billing evidence establishes that the claimant performed services in the amount of $3,955. To secure payment, the claimant is holding the passports of the defendant and defendant’s son. In doing this, claimant asserts that she has a “lien” in that regard. Apparently during the Family Court proceeding Judge Porzio ordered that the defendant’s and defendant’s son’s passports be held. Judge Porzio authorized claimant, as counsel for the defendant and defendant’s son, to hold the passports pending a resolution of that custody matter. On February 9, 2005, Judge Porzio ordered the claimant to return the passports to her clients. Claimant has refused to do so.
*1062 Claimant stated to this court that there is case law that permits her to assert a lien on a passport. She has not provided any proof of any such case in that regard. The court’s research has located an unreported federal case from the Southern District of New York, United States v Bakhtiar (1997 WL 573408, *1 [Sept. 12, 1997]), in which that court posits that it sees “nothing unethical or shocking” with the concept of allowing an attorney to retain a client’s passport as security for payment of a fee and acknowledges the coercive effect such a right would have. The court then goes on to state that the circumstances of that case did not warrant the recognition of such a lien. In reaching that conclusion the court stated that the “[passport] was neither expressly nor impliedly pledged ... as security for payment.” (Id.)
In analyzing the issue, this court must respectfully disagree with the conclusion that an individual’s passport should be subject to a retaining lien. Black’s Law Dictionary 1012 (5th ed) defines a “passport” as “evidence of permission from [a] sovereign to its citizens to travel to foreign countries and to return to [the] land of his [or her] allegiance, as well as [a] request to foreign powers that such [a] citizen be allowed to pass freely and safely.” Allowing an attorney to retain a passport in order to enforce a claim for legal fees is patently unfair and allows an individual to act as the equivalent of a government and restrict the movements of the foreign citizen. The recognition of which nations have passport privileges in the United States is a function of the national government, specifically the Department of State. Passports cannot be subject to being held “hostage” in disputes between individuals absent authorization by a court or written agreement of the parties, neither of which situation is present. In fact, 22 NYCRR 1400.5 severely restricts the instances of when an attorney can obtain a security interest in the property of a client. None of the criteria of that section are met in this case.
The retention of an individual’s passport severely restricts that person’s freedom of movement and comes dangerously close to the frowned-upon concepts of the long-abandoned “debtor’s prison” or “civil arrest” which is almost nonexistent in New York. “Body execution as a tool for the enforcement of a money judgment was abolished by the CPLR, and the provisional remedy of civil arrest that was carried into the CPLR as Article 61 was repealed in 1979” (Siegel, NY Prac § 513 [4th ed]). In fact, when body execution did exist, it was for the enforcement of *1063 judgments and not for compulsion of payment prior to the existence of a judgment. Claimant, by retaining the defendant’s passport, was seeking to coerce the defendant into paying a legal fee bill which, at the time the release of the passports was ordered by the Family Court, may have been an amount legitimately disputed by the defendant. In fact, the evidence in this case shows that the amount of claimant’s default judgment was greater than the amount the claimant asserted was due in other documents.
Further, claimant was given possession of the passports by the Family Court and was holding them for the specific purpose of insuring the attendance of claimant’s clients at the Family Court proceedings. On February 9, 2005, the Family Court ordered the passports returned. Claimant has wilfully refused to do so. Her retention of the passports is in derogation of her duties as an officer of the court. A copy of this decision will be forwarded to Judge Porzio to seek enforcement of his order.
In certain situations an attorney is entitled to a lien, usually when an attorney is either discharged or there is a substitution. Such a lien is designed to ensure that the attorney is paid for services rendered. There can be either a “retaining lien” which attaches to the papers and property of the client in the lawyer’s possession, or a “charging lien” which applies to the proceeds in a given action. Judiciary Law § 475 sets forth the statutory basis for a charging lien and protects an attorney’s right to be compensated for services rendered. The concept of a retaining lien arises from the common law and permits the attorney to retain papers and certain property of the client in the passés-1 sion of the attorney until payment is made or guaranteed. The two liens are not mutually exclusive but are cumulative remedies (Wankel v Spodek, 1 AD3d 260 [2003]). Although the issue of the existence of a lien usually arises when an attorney is discharged or substituted, the problem may also be present in a situation such as this, when the attorney has completed all the contracted for services and the client does not pay the agreed upon legal fee. If claimant has not been paid, claimant would be entitled to assert either or both liens; however, she cannot assert it on defendant’s passport. Once claimant obtained a judgment, there are numerous enforcement of judgment mechanisms present in the CPLR available to the claimant which do not make the defendant a “prisoner” in the United States unable to return to her native country. Claimant is in effect making the defendant an “indentured servant.”
*1064 This case presents another interesting issue. A search of the Office of Court Administration, Attorney Registration Web site discloses that the claimant is delinquent in paying her biennial registration fees for 2003-2005 as required by Judiciary Law § 468-a. Noncompliance with the registration requirements “shall constitute conduct prejudicial to the administration of justice and shall be referred to the appropriate appellate division of the supreme court for disciplinary action” (Judiciary Law § 468-a [5]). The statute does not specifically prohibit an attorney from collecting legal fees when unregistered. This issue was decided by the Court of Appeals in Benjamin v Koeppel (85 NY2d 549 [1995]) when it found that the failure to register did not deprive an attorney of the right to collect a legal fee. In analyzing the statute the Court of Appeals examined the legislative history which established that the purpose of the statute was “revenue raising” and not “regulatory.” It concluded that prohibiting the collection of legal fees was beyond the scope of the statute since it was not legislation designed to regulate the legal profession or protect the public. Therefore it leaves the parties to redress their fee disputes to the court system or alternate dispute resolution.
Defendant’s motion to vacate her default is denied. She has failed to prove an excuse for her default and a meritorious defense.
Claimant’s judgment of $4,500 is vacated. The claimant’s evidence establishes that the judgment should have been in the amount of $3,955. However, no judgment will be entered against the defendant, since the claimant has failed to prove she has complied with 22 NYCRR part 1400.
Claimant’s action is dismissed without prejudice to renew.
Claimant is to return defendant’s and defendant’s son’s passports to defendant and defendant’s son.